SPENCER E. BENDELL, Cal. Bar No. 181220
Email: bendells@sec.gov
LUCEE S. KIRKA, Cal. Bar No. 121685
Email: kirkal@sec.gov
PETER F. DEL GRECO, Cal Bar No. 164925
Email: delgrecop@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTIAN STANLEY, INC. and DANIEL C.S. POWELL,<br><br>Defendants,<br><br>and<br><br>CHRISTIAN STANLEY, LLC and DANIEL CHRISTIAN STANLEY POWELL REALTY HOLDINGS, INC.,<br><br>Relief Defendants. | Case No. CV11-07147 GHK (MANx)<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |

Plaintiff Securities and Exchange Commission ("Commission") alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to Sections 20(b), 20(d)(1) and 22(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77t(b), 77t(d)(1) & 77v(a), and Sections 21(d)(1), 21(d)(3)(A), 21(e) and 27 of

the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78u(d)(1), 78u(d)(3)(A), 78u(e) & 78aa. Defendants have, directly or indirectly, made use of the means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange, in connection with the transactions, acts, practices, and courses of business alleged in this Complaint.

2. Venue is proper in this district pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), and Section 27 of the Exchange Act, 15 U.S.C. § 78aa, because certain of the transactions, acts, practices, and courses of conduct constituting violations of the federal securities laws occurred within this district, Defendant Daniel C. S. Powell ("Powell") resides within this district, and Defendants Powell and Christian Stanley, Inc. ("Christian Stanley") transact business in this district.

## SUMMARY

3. Defendants Christian Stanley and its principal, Powell, are conducting an ongoing fraudulent and unregistered offering of securities. Since March 2009, the Defendants have offered and sold at least $4.5 million in unregistered securities in the form of debentures that promised to pay "secured and structured" annual returns ranging from 5% to 15.5% to about 50 investors nationwide. In the written debenture agreements, which Powell authored and signed on behalf of Christian Stanley, debenture purchasers are assured that their monies will be used to purchase life settlements, to develop coal leases purportedly worth $11.8 billion or interests in gold mines or some combination thereof. The debenture agreements state that the investment is secured and collateralized by the purchase of life settlements, by the coal leases, and/or by the gold mine interests. In reality, Defendants applied less than $90,000 of the amount they raised – about 2% – toward these avowed purposes, and have spent over 50% of the remaining investor funds for purposes that bear no relation to the operation of Christian Stanley's purported business, including payment of commissions to debenture sales agents,

2

funding Powell's lavish lifestyle, and the perpetuation of a Ponzi-like scheme whereby interest due on some of the debentures was paid with investor principal.

4. Powell also owns and controls Christian Stanley, LLC, and the main bank accounts used by Powell and Christian Stanley in perpetrating their fraudulent scheme are in Christian Stanley, LLC's name. Powell also operates and controls Daniel Christian Stanley Powell Realty Holdings, Inc. ("Realty Holdings") which, according to Powell, holds the interests in gold mining claims and coal leases that the Defendants have represented to investors secure their investments.

5. The Defendants have violated and are violating Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c), Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5. By this action, the Commission seeks a temporary restraining order and preliminary and permanent injunctions prohibiting such future violations as to both Defendants; an asset freeze as to all Defendants and Relief Defendants; appointment of a receiver over Defendant Christian Stanley and Relief Defendants Christian Stanley, LLC and Realty Holdings, an order prohibiting the destruction of documents, an order requiring accountings, and an order allowing expedited discovery. The Commission also seeks disgorgement against all Defendants and Relief Defendants of all ill-gotten gains from Defendants' illegal conduct, with prejudgment interest thereon, and civil penalties from each Defendant.

## DEFENDANTS

6. **Christian Stanley, Inc.** is a California corporation headquartered in Los Angeles, California. It is not registered with the Commission in any capacity and it has not registered any offering of its securities under the Securities Act or a class of securities under the Exchange Act. In November 2008, Christian Stanley filed a Form S-1 registration statement with the Commission to register a proposed

3

1  offering of common stock, which registration statement it subsequently amended
2  four times, most recently on October 4, 2010, and which has not yet been declared
3  effective.

4       7.    **Daniel C. S. Powell**, age 29, is a resident of Los Angeles, California.
5  He is the CEO, Chairman and majority shareholder of Christian Stanley, Inc., the
6  managing member of Christian Stanley, LLC, and the principal shareholder of
7  Realty Holdings. Powell holds Series 3, 7, 63, and 66 securities licenses and was
8  most recently associated with a registered broker-dealer from March 2010 until
9  September 2010.

## RELIEF DEFENDANTS

11      8.    **Christian Stanley, LLC** is a California limited liability company
12 formed and managed by Powell. The bank account used by Christian Stanley, Inc.
13 was opened, and remains, in the name of Christian Stanley, LLC. Christian
14 Stanley, LLC is not registered with the Commission in any capacity and it has not
15 registered any offering of its securities under the Securities Act or a class of
16 securities under the Exchange Act.

17      9.    **Daniel Christian Stanley Powell Realty Holdings, Inc.** is a
18 California corporation formed in April 2010. It is purportedly headquartered in
19 Henderson, Nevada, and is controlled by Powell. The gold mine- and coal lease-
20 related assets purportedly securing investor monies are, according to Powell,
21 owned by Realty Holdings but supposedly pledged to Christian Stanley under a
22 guarantee agreement. Realty Holdings is not registered with the Commission in
23 any capacity and it has not registered any offering of its securities under the
24 Securities Act or a class of securities under the Exchange Act.

## DEFENDANTS' FRAUDULENT SECURITIES OFFERING

26      10.   From 2009 through July 2011, Christian Stanley raised at least $4.5
27 million through the offer and sale of senior secured corporate debenture indentures
28 ("Debentures") to about 50 purchasers, not all of whom were residents of

1  California. Although the terms of the Debentures vary from purchaser to
2  purchaser, typically they are for a term of five years and pay interest at a rate of
3  10% to 15.5% per year, with interest payments scheduled on a monthly or annual
4  basis or, often, at the termination of the note, per the purchaser's election.
5      11.    The written Debenture agreements – which Powell wrote and signed
6  in his capacity as Chairman and CEO of Christian Stanley, Inc. – expressly provide
7  that investor proceeds will be used to acquire or develop, and will be secured and
8  collateralized by, one or more of three types of assets: (1) so-called "Reverse Life
9  Insurance" policies, i.e. life settlements; (2) bituminous coal leases in Kentucky
10 purportedly valued at more than $11.8 billion; and (3) a vested interest in certain
11 gold mining reserve claims in Nevada. Many, but not all, of the Debenture
12 agreements also provide that Christian Stanley can use investor monies for
13 "general corporate purposes." Those Debentures issued since April 2011 further
14 provide that such purposes include "but [are] not limited to merger and acquisition
15 transactions" which, when effectuated, might entail the sale of the assets used as
16 collateral for the Debentures. The Debentures make no mention of commissions to
17 be paid to Debenture sales agents.
18     12.    Powell, and two of the entities he controls, Christian Stanley and
19 Christian Stanley, LLC, have ostensibly been informing the public about the
20 investment opportunity represented by life settlement agreements, and building
21 "brand awareness" of the company's role as a facilitator or broker of transactions
22 between buyers and sellers of life insurance policies, since 2004. Toward this end,
23 Christian Stanley maintains a website and has sponsored radio shows and local
24 television commercials, and Powell has spoken to a number of professional trade
25 groups including at a broker-dealer conference. Powell's speech at this conference
26 is archived and available on the company's website. In addition, Christian Stanley
27 has purchased tens of thousands of dollars worth of lead lists which it purportedly
28 uses to identify persons likely to own life insurance policies which they might want

to sell to institutional purchasers. Powell and Christian Stanley use telemarketers to contact the persons identified on the lead lists. Despite the purported purpose of the telemarketers' phone call – to determine whether the person called might be interested in selling his or her insurance policy – the telemarketers also solicit investments, sometimes without even attempting to determine if the person wants to sell a life insurance policy.

13. In addition to having telemarketers contact persons on lead lists, Powell and Christian Stanley also use paid sales agents to solicit purchasers of Debentures. In fact, a handful of these salespeople solicited a large number of the Debenture purchases. Those salespeople received sales commissions from the proceeds of the Debentures.

14. Powell solicits investors directly as well. One investor, identified herein by his initials "JAL," who first learned about Christian Stanley via the radio, met with a representative of Christian Stanley at JAL's home in Sacramento, California. JAL also spoke with representatives of Christian Stanley by phone. These representatives referred JAL to Powell for more detailed answers to his questions. Powell told JAL that Christian Stanley would pool his money with that of other investors to purchase life insurance policies issued by highly-rated companies, and that these policies would generate returns sufficient to provide him with the promised rate of return. JAL ultimately received a Debenture upon making his investment, which promised a 12.5% return.

15. Powell also told investors that Christian Stanley would use their money to purchase and/or operate coal mine assets and that Christian Stanley had experienced success with reverse life insurance.

16. All investor monies are deposited into, and disbursed from, bank accounts which are in the name of Christian Stanley, LLC but which function as the accounts of Christian Stanley, Inc. and Realty Holdings. Powell is the sole person with signature authority on these accounts. The majority of Debenture

6

purchaser monies are transferred via Sunwest Trust, an IRA custodian, reflecting the fact that most of the Debenture purchasers use their retirement funds to invest in the offering.

### DEFENDANTS' ACTUAL USE OF INVESTOR PROCEEDS

17. As of August 23, 2011, only $29,396.55 remained in Christian Stanley's bank accounts.

18. Since 2009, Christian Stanley, Inc. has used substantial amounts of investor monies to maintain a façade of genuine business activity and to fund Powell's increasingly lavish personal lifestyle. During that same time, Christian Stanley, Inc. has used less than $90,000 for the avowed business purposes described in the Debenture agreements. Christian Stanley, Inc. has not purchased a single life settlement (as many of the Debentures claim it would) or generated any revenue as a result of brokering any life settlement transactions.

19. To the extent that such assets have actually been purchased, the coal leases and gold mine-related claims that purportedly secure the Debentures are owned by Realty Holdings – of which Powell is the principal owner. According to Powell, Realty Holdings acts as guarantor of Christian Stanley's obligations to its Debenture purchasers. Realty Holdings' purported role as the owner of assets and guarantor was not disclosed in the Debenture agreements, which are expressly and solely between the purchaser and Christian Stanley.

20. Christian Stanley's purported interest in the coal leases (which purportedly contain coal valued at $11.8 billion) was obtained in exchange for stock in Realty Holdings and an agreement to pay the seller about $4,000 per month. The gold mine-related claims also were purchased with stock, the only cash outlay being for assays and surveys. The gold mines are not yet operational, and Powell has not yet begun the process for obtaining a permit to mine the leased coal deposits.

21. In all, Powell and Christian Stanley have put only about 2% of

investor monies toward the purposes that are explicitly described in the Debenture agreements. Powell and Christian Stanley also used approximately $1.4 million of investor proceeds towards what might possibly be considered "general business purposes", a term that appears in some, but not all, of the Debentures, including $482,740 to rent and remodel a storefront in a retail mall in Sacramento (which in a year of operation has generated at most $10,000 in revenue for the company); $470,599 paid to three employees of the company; $270,160 paid to operators of mall kiosks licensing "the Christian Stanley brand"; and $221,216 in attorney and accountant fees.

22. The Defendants' use of the remaining monies raised through the sale of Debentures had no relation to either the specific purposes listed in the Debenture agreements or to any other ostensible business operations. Rather, more than $2.4 million of these funds was spent as follows:

  a. More than $785,000 in commissions paid to salespeople of the Debentures.

  b. More than $371,000 spent on offering expenses related to the Debentures, including the purchase of print and radio ads, and lead lists.

  c. More than $290,000 in debit card transactions, most of which consist of payments of Powell's daily living expenses, including gas, groceries, pharmaceuticals, dry cleaning, and retail goods.

  d. Cash withdrawals and checks payable to Powell or to cash totaling almost $240,000.

  e. More than $212,000 spent on cars, including a Porsche, a Ferrari, a BMW, and a Dodge Ram.

  f. More than $160,000 towards Powell's exorbitant lifestyle, including almost $90,000 for hotels, more than $49,000 for

nightclubs, more than $17,000 for restaurants, and more than $4,800 for limousines.

g. More than $100,000 in rent paid on behalf of a woman who Powell has described as "like a mother" to him and another woman with no apparent connection to the company.

h. Donations totaling $91,000, including $55,000 toward a tribute to Michael Jackson and $35,000 to the rapper Usher's New Look Foundation.

i. $27,500 paid to Powell's father and brother.

j. More than $21,000 to satisfy Powell's school loans.

k. Miscellaneous luxury purchases, including $8,700 for jewelry, almost $5,000 to register for a dating service, over $5,000 for cowboy boots, and more than $1,300 for designer sunglasses.

## UNDISCLOSED PONZI PAYMENTS

23. The Debentures purport to pay investors interest at a rate of 5% to 15.5% per year. Although many investors elected to have these payments compound and be paid at the end of a five- year term, Christian Stanley paid periodic returns on investment of more than $93,000 to some of its investors. Christian Stanley has not generated revenues from its activities sufficient to make those payments. The source of these interest payments were monies realized from the sale of Debentures to investors. Neither Powell nor Christian Stanley disclosed to Debenture purchasers that their monies would be used in this manner, or that, since the company generated no revenue, the returns they were obligated to pay the Debenture purchaser could only be made by finding other willing investors.

## POWELL'S KNOWLEDGE

24. Powell acted with scienter in making the misrepresentations and omissions described above.

25. Powell, the sole signatory on Christian Stanley's bank accounts, knew

or was reckless in not knowing that Christian Stanley had used less than $90,000 towards the specific purposes (coal leases and gold mining claims) described in the Debentures. He further knew that Christian Stanley has never purchased a single life settlement or generated any revenue as a result of brokering any life settlement transactions.

26. Powell also knew or was reckless in not knowing the amounts that Christian Stanley has spent which are wholly unrelated to the purposes described to investors much of which was spent to personally enrich him or maintain his lavish lifestyle.

27. Powell knew he and Christian Stanley were paying investors' purported returns from the proceeds of sales of the Debentures to investors.

## FIRST CLAIM FOR RELIEF

### Unregistered Offer and Sale of Securities

### Violations of Sections 5(a) and 5(c) of the Securities Act

### (Against Defendants Christian Stanley and Powell)

28. The Commission realleges and incorporates by reference paragraphs 1 through 27 above.

29. Defendants, by engaging in the conduct described above, directly or indirectly, made use of means or instruments of transportation or communication in interstate commerce or of the mails, to offer to sell or to sell securities, or to carry or cause such securities to be carried through the mails or in interstate commerce for the purpose of sale or for delivery after sale.

30. No registration statement has been filed with the Commission or has been in effect with respect to any of the offerings or sales alleged herein.

31. By engaging in the conduct described above, Defendants violated, and unless restrained and enjoined will continue to violate, Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and (c).

///

## SECOND CLAIM FOR RELIEF

### Fraud in the Offer or Sale of Securities

### Violations of Section 17(a) of the Securities Act

### (Against Defendants Christian Stanley and Powell)

32. The Commission realleges and incorporates by reference paragraphs 1 through 27 above.

33. Defendants, and each of them, by engaging in the conduct described above, in the offer or sale of securities by the use of means or instruments of transportation or communication in interstate commerce or by use of the mails directly or indirectly:

    a. with scienter, employed devices, schemes, or artifices to defraud;

    b. obtained money or property by means of untrue statements of a material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    c. engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon the purchaser.

34. By engaging in the conduct described above, Defendants violated, and unless restrained and enjoined will continue to violate, Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

///
///
///
///
///
///

## THIRD CLAIM FOR RELIEF

### Fraud in Connection with the Purchase or Sale of Securities

### Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder

### (Against Defendants Christian Stanley and Powell)

35.  The Commission realleges and incorporates by reference paragraphs 1 through 27 above.

36.  Defendants, and each of them, by engaging in the conduct described above, directly or indirectly, in connection with the purchase or sale of a security, by the use of means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange, with scienter:

   a.  employed devices, schemes, or artifices to defraud;

   b.  made untrue statements of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

   c.  engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons.

37.  By engaging in the conduct described above, Defendants violated, and unless restrained and enjoined will continue to violate, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that the Court:

### I.

Issue findings of fact and conclusions of law that Defendants committed the alleged violations.

///

**II.**

Issue judgments, in forms consistent with Fed. R. Civ. P. 65(d), temporarily, preliminarily, and permanently enjoining Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of the judgment by personal service or otherwise, and each of them, from violating Sections 5(a), 5(c), and 17(a) of the Securities Act, 15 U.S.C. §§ 77e(a), 77e(c), and 77q(a), and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

**III.**

Issue, in a form consistent with Fed. R. Civ. P. 65, a temporary restraining order and a preliminary injunction freezing the assets of each of the Defendants and Relief Defendants and any entity affiliated with any of them, appointing a receiver over Christian Stanley, Christian Stanley, LLC, and Realty Holdings and all entities controlled by them, prohibiting each of the Defendants and Relief Defendants from destroying documents, requiring accountings from each of the Defendants and Relief Defendants, and granting expedited discovery.

**IV.**

Order each of the Defendants and Relief Defendants to disgorge all ill-gotten gains from Defendants' illegal conduct, together with prejudgment interest thereon.

**V.**

Order each of the Defendants to pay civil penalties under Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

///
///
///
///

## VI.

Retain jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

## VII.

Grant such other and further relief as this Court may determine to be just and necessary.

Dated: August 29, 2011

Respectfully submitted,

/s/ Spencer E. Bendell
Spencer E. Bendell
Attorney for Plaintiff
Securities and Exchange Commission

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

**CV11- 7147 GHK (MANx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Spencer E. Bendell, Cal. Bar No. 181220
Email: bendells@sec.gov
Lucee S. Kirka, Cal. Bar No. 12165
Email: kirkal@sec.gov
Peter F. Del Greco, Cal. Bar No. 164925
Email: degrecop@sec.gov
5670 Wilshire Boulevard, 11th Floor
Los Angeles, CA 90036

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| SECURITIES AND EXCHANGE COMMISSION, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CV11-07147 GHK (MANx) |
| CHRISTIAN STANLEY, INC. and DANIEL C.S. POWELL, DEFENDANT(S) and CHRISTIAN STANLEY, LLC and DANIEL CHRISTIAN STANLEY POWELL REALTY HOLDINGS, INC., RELIEF DEFENDANT(S). | SUMMONS |

TO:   DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Spencer E. Bendell/Lucee S. Kirka/Peter F. Del Greco_, whose address is _Securities and Exchange Commission, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, CA 90036_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: __AUG 3 0 2011__

Clerk, U.S. District Court

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
SECURITIES AND EXCHANGE COMMISSION

**DEFENDANTS**
CHRISTIAN STANLEY, INC. and DANIEL C.S. POWELL - DEFENDANTS,
and CHRISTIAN STANLEY, LLC and DANIEL CHRISTIAN STANLEY
POWELL REALTY HOLDINGS, INC. - RELIEF DEFENDANTS

LOS ANGELES COUNTY

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Spencer E. Bendell and/or Lucee S. Kirka/Peter F. Del Greco (323) 965-3998
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor, Los Angeles, CA 90036

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No       ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
The Complaint alleges violations of the federal securities laws. 15 U.S.C. §§ 77e(a) & 77e(c); 15 U.S.C. § 77q(a); 15 U.S.C. § 78j(b) & 17 C.F.R. § 240.10b-5.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☒ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV11-07147

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)          CIVIL COVER SHEET          Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☑ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 8-29-11

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |