SPENCER E. BENDELL, Cal. Bar No. 181220
Email:  bendells@sec.gov
PETER F. DEL GRECO, Cal Bar No. 164925
Email:  delgrecop@sec.gov
LUCEE S. KIRKA, Cal. Bar No. 121685
Email:  kirkal@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone:   (323) 965-3998
Facsimile:    (323) 965-3908

**FILED:  9/19/11**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>            vs.<br><br>CHRISTIAN STANLEY, INC. and DANIEL C.S. POWELL,<br><br>                    Defendants,<br><br>and<br><br>CHRISTIAN STANLEY, LLC and DANIEL CHRISTIAN STANLEY POWELL REALTY HOLDINGS, INC.,<br><br>                    Relief Defendants. | Case No. CV 11-7147 GHK (MANx)<br><br>**[PROPOSED] PRELIMINARY INJUNCTION AND ORDERS: (1) FREEZING ASSETS; (2) PROHIBITING THE DESTRUCTION OF DOCUMENTS; (3) REQUIRING ACCOUNTINGS; AND (4) APPOINTING A PERMANENT RECEIVER** |

1  This matter came before the Court on Plaintiff Securities and Exchange
2  Commission's ("Commission") *Ex Parte* Application for a Temporary Restraining
3  Order and Orders: (1) Freezing Assets; (2) Appointing a Temporary Receiver;
4  (3) Prohibiting the Destruction of Documents; (4) Requiring Accountings;
5  (5) Allowing Expedited Discovery; and Order to Show Cause Re Preliminary
6  Injunction and Appointment of a Permanent Receiver (the "Application").
7  The Court, having considered the Commission's Complaint, the Application,
8  the supporting Memorandum of Points and Authorities, Declarations and Exhibits,
9  and all other evidence and argument presented regarding the Application, finds that:
10 A.  This Court has jurisdiction over the parties to, and the subject matter
11 of, this action.
12 B.  Good cause exists to believe that defendants Christian Stanley, Inc.
13 ("Christian Stanley") and Daniel C.S. Powell ("Powell") (collectively,
14 "Defendants"), and each of them, have engaged in, are engaging in, and are about
15 to engage in transactions, acts, practices and courses of business that constitute
16 violations of Sections 5(a), 5(c), and 17 of the Securities Act of 1933 ("Securities
17 Act"), 15 U.S.C. §§ 77e(a), 77e(c), and 77q(a); and Section 10(b) of the Securities
18 Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5
19 thereunder, 17 C.F.R. § 240.10b-5.
20 C.  Good cause exists to believe that relief defendants Christian Stanley,
21 LLC and Daniel Christian Stanley Powell Realty Holdings, Inc. ("Realty
22 Holdings") (collectively, "Relief Defendants") possess assets attributable to the
23 Defendants' fraudulent conduct and that the Relief Defendants have no legitimate
24 claim on such assets.
25 D.  The Commission has demonstrated a probability of success on the
26 merits and the possibility of dissipation of assets.
27 E.  Good cause exists to believe that Defendants will continue to engage
28 in such violations to the immediate and irreparable loss and damage to investors

and to the general public unless they are restrained and enjoined.

## I.

IT IS HEREBY ORDERED that the Commission's request for a preliminary injunction and orders: (1) freezing assets; (2) prohibiting the destruction of documents; (3) requiring accountings; and (4) appointing a permanent receiver is hereby GRANTED.

## II.

IT IS FURTHER ORDERED that Defendants Christian Stanley and Powell, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, making use of any means or instruments of transportation or communication in interstate commerce or of the mails, to sell, to offer to sell, or to offer to buy any security, or carrying or causing securities to be carried through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or delivery after sale, in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) & 77e(c).

## III.

IT IS FURTHER ORDERED that Defendants Christian Stanley and Powell, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a

        material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## IV.

IT IS FURTHER ORDERED that Defendants Christian Stanley and Powell, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

  A.    employing any device, scheme, or artifice to defraud;

  B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants Christian Stanley and Powell, Relief Defendants Christian Stanley, LLC and Realty Holdings, and their officers, agents, servants, employees,

3

attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, or other real or personal property, including any notes or deeds of trust or other interests in real property, wherever located, of Defendants Powell or Christian Stanley or Relief Defendants Christian Stanley, LLC or Realty Holdings, and their subsidiaries and affiliates, whether owned by, controlled by, managed by or in the possession or custody of any of them, and from transferring, encumbering, dissipating, incurring charges or cash advances on any debit or credit card or the credit arrangement of Defendants Powell or Christian Stanley or Relief Defendants Christian Stanley, LLC or Realty Holdings.

## VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution or brokerage firm, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendants Christian Stanley or Powell or Relief Defendants Christian Stanley, LLC or Realty Holdings, or any trust, partnership, joint venture, person or entity affiliated with any of them (including subsidiaries), including, but not limited to, the accounts set forth below:

///

///

///

| Financial Institution | Account Name | Last Four Digits of Account No. |
|---|---|---|
| Bank of America | Christian Stanley, LLC | xxxxx-x2239 |
| Bank of America | Christian Stanley, LLC | xxxxx-x3237 |
| Gilmore Bank | Daniel C. Stanley Powell | xxx2893 |

## VII.

IT IS FURTHER ORDERED that any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses, or controls assets exceeding $5,000.00 for the account or benefit of Christian Stanley, Powell, Christian Stanley, LLC, or Realty Holdings, shall, to the extent not already completed, within five (5) days of receiving actual notice of this Order provide to counsel for the Commission a written statement identifying all such assets, the value of the assets, or best approximation thereof, and any account number(s) or account name(s) in which the assets are held.

## VIII.

IT IS FURTHER ORDERED that Robb Evans & Associates LLC is appointed as permanent receiver of Christian Stanley, Christian Stanley, LLC, and Realty Holdings, and their subsidiaries and affiliates, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of Christian Stanley, Christian Stanley, LLC, and Realty Holdings, and their subsidiaries and affiliates, and that such permanent receiver is immediately authorized, empowered and directed:

    A.    to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located,

of or managed by Christian Stanley, Christian Stanley, LLC, and Realty Holdings, and their subsidiaries and affiliates, with full power to sue, foreclose, marshal, collect, receive, and take into possession all such property;

B. to have control of, and to be added as the sole authorized signatory for, all accounts of the entities in receivership, and all accounts over which any of their employees or agents have signatory authority, at any bank, title company, escrow agent, financial institution or brokerage firm which has possession, custody or control of any assets or funds of Christian Stanley, Christian Stanley, LLC, and Realty Holdings, and their subsidiaries and affiliates, or which maintains any accounts over which Christian Stanley, Christian Stanley, LLC, and Realty Holdings, and their subsidiaries and affiliates, and/or any of their officers, employees or agents have signatory authority;

C. to conduct such investigation and discovery as may be necessary to locate, account for and recover all of the assets of or managed by (and to account for and pursue recovery of the losses of) Christian Stanley, Christian Stanley, LLC, and Realty Holdings, and their subsidiaries and affiliates, and to engage and employ attorneys, accountants and other persons to assist in such investigation and discovery;

D. to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any assets of or managed by Christian Stanley, Christian Stanley, LLC, and Realty Holdings, and their subsidiaries and affiliates;

E. to make an accounting, as soon as practicable, to this Court and the Commission of the assets and financial condition of Christian Stanley, Christian Stanley, LLC, and Realty Holdings, and the assets under

|   |   |   |
|---|---|---|
| 1 |    | their management, and to file the accounting with the Court and |
| 2 |    | deliver copies thereof to all parties; |
| 3 | F. | to make such payments and disbursements from the funds and assets |
| 4 |    | taken into custody, control and possession or thereafter received by |
| 5 |    | him or her, and to incur, or authorize the making of, such agreements |
| 6 |    | as may be necessary and advisable in discharging its duties as |
| 7 |    | permanent receiver; |
| 8 | G. | to employ attorneys, accountants and others to investigate and, where |
| 9 |    | appropriate, to institute, pursue, and prosecute all claims and causes of |
| 10 |   | action of whatever kind and nature which may now or hereafter exist |
| 11 |   | as a result of the activities of present or past employees or agents of |
| 12 |   | Christian Stanley, Christian Stanley, LLC, and Realty Holdings, and |
| 13 |   | their subsidiaries and affiliates; |
| 14 | H. | to have access to, monitor, and redirect all mail (including email and |
| 15 |   | facsimile) of Christian Stanley, Christian Stanley, LLC, and Realty |
| 16 |   | Holdings, and their subsidiaries and affiliates, in order to review such |
| 17 |   | mail which he or she deems relates to their business and the |
| 18 |   | discharging of its duties as permanent receiver; |
| 19 | I. | to operate and control the content of information posted on any |
| 20 |   | Internet web site maintained by Christian Stanley, Christian Stanley, |
| 21 |   | LLC, and Realty Holdings, and their subsidiaries and affiliates; and |
| 22 | J. | to exercise all of the lawful powers of Christian Stanley, Christian |
| 23 |   | Stanley, LLC, and Realty Holdings, and their subsidiaries and |
| 24 |   | affiliates, and their officers, directors, employees, representatives, or |
| 25 |   | persons who exercise similar powers and perform similar duties. |

**IX.**

IT IS FURTHER ORDERED that the Defendants and Relief Defendants and their subsidiaries and affiliates, including all of the other entities in receivership,

7

and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property to the permanent receiver.

**X.**

IT IS FURTHER ORDERED that no officer, agent, servant, employee, or attorney of the Defendants or Relief Defendants shall take any action or purport to take any action, in the name of or on behalf of Christian Stanley, Christian Stanley, LLC, and Realty Holdings without the written consent of the permanent receiver or order of this Court.

**XI.**

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors, and all other persons or entities seeking relief of any kind, in law or in equity, from the Defendants, Relief Defendants, or their subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group, or other person, including sheriffs, marshals, servants, agents, employees, and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

    A.    commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the Commission) against any of them;

    B.    using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of Christian Stanley,

         Christian Stanley, LLC, and Realty Holdings; and

  C.    doing any act or thing whatsoever to interfere with taking control, possession or management by the permanent receiver appointed hereunder of the property and assets owned, controlled or managed by or in the possession of Christian Stanley, Christian Stanley, LLC, and Realty Holdings, or in any way to interfere with or harass the permanent receiver or its attorneys, accountants, employees, or agents or to interfere in any manner with the discharge of the permanent receiver's duties and responsibilities hereunder.

## XII.

IT IS FURTHER ORDERED that the Defendants and Relief Defendants, and their subsidiaries, affiliates, officers, agents, servants, employees, and attorneys, shall cooperate with and assist the receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the permanent receiver or its attorneys, accountants, employees, or agents, in the conduct of the permanent receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the permanent receiver of the funds, assets, collateral, premises, and choses in action described above.

## XIII.

IT IS FURTHER ORDERED that the Defendants, and their subsidiaries and affiliates, shall pay the costs, fees and expenses of the permanent receiver incurred in connection with the performance of its duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the permanent receiver to assist him or her in carrying out its duties and obligations. All applications for costs, fees, and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent, and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail

the nature of the services and shall be heard by the Court.

## XIV.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the permanent receiver.  Except for an act of gross negligence, the permanent receiver shall not be liable for any loss or damage incurred by any of the Defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the permanent receiver in connection with the discharge of its duties and responsibilities.

## XV.

IT IS FURTHER ORDERED that representatives of the Commission and any other government agency are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of the Defendants and the other entities in receivership, and continuing access to inspect their funds, property, assets and collateral, wherever located.

## XVI.

IT IS FURTHER ORDERED that Defendants Christian Stanley and Powell and Relief Defendants Christian Stanley, LLC and Realty Holdings shall, within five days of the issuance of this Order, to the extent not already completed, prepare and deliver to the Commission a detailed and complete schedule of all of his or its assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, futures and other accounts identified by institution, branch address and account number.  The accountings shall include a description of the source(s) of all such assets.  Such accountings shall be filed with the Court and copies shall be delivered to the attention of Spencer Bendell at the Commission's Los Angeles Regional Office, located at 5670 Wilshire Blvd., Los Angeles, CA 90036.  After completion of the accountings, Defendants Christian Stanley and Powell and Relief Defendants Christian Stanley, LLC and Realty Holdings shall produce to the

1  Commission's Los Angeles Regional Office, at a time agreeable to the
2  Commission, all books, records and other documents supporting or underlying his
3  or its accountings.

### XVII.

5      IT IS FURTHER ORDERED that this Court shall retain jurisdiction over
6  this action for the purpose of implementing and carrying out the terms of all orders
7  and decrees which may be entered herein and to entertain any suitable application
8  or motion for additional relief within the jurisdiction of this Court.

10      IT IS SO ORDERED.

DATED: 9/16/11

                                          HONORABLE GEORGE H. KING
                                          United States District Judge

Presented by:

/s/ Peter F. Del Greco
Peter F. Del Greco
Attorney for Plaintiff
Securities and Exchange Commission