FILED

Daniel C.S. Powell
6561 Carthage St.
San Diego, CA 92120

2012 JAN 17 PM 4:01

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Securities and Exchange Commission, | CV11-07147 GHK (MANX) |
| Plaintiff, | MEMORANDUM IN SUPPORT DEFENDANTS MOTION TO STRIKE PARAGRAPH 14 OF PLAINTIFF'S COMPLAINT FOR FALSE AND FRAUDULENT STATEMENTS |
| v. | |
| Christian Stanley, Inc. and Daniel C.S. Powell, | |
| Defendants, | |
| and | Judge: Hon. George H. King |
| Christian Stanley, LLC and Daniel Christian Stanley Powell Realty Holdings, Inc., | Date of Hearing: 13 Feb. 2012 |
| Relief Defendants. | Time of Hearing: 9:30 a.m. |

(1) Pursuant to FRCP 12(f)--*The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.* Paragraph 14 of plaintiff's complaint contains false and thereby fraudulent statements, which should be stricken from the pleading prior to Defendant answering the Complaint. This Court must not compel Defendant to answer allegations, which are factually false and fraudulent.

(2) This 12(f) Motion to Strike is made on the grounds that on January 13, 2012, Defendant received by U.S. Mail a notarized document, dated January 10, 2012, which is entitled "DECLARATION OF JAMES LAWRENCE" (EXHIBIT 1). James Lawrence is the named witness 'JAL' relied upon by plaintiff in paragraph 14 of the complaint and in (DOC. 5)—DECLARATION OF JAMES A. LAWRENCE, concurrently filed with the Complaint and dated August 25, 2011. "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (overruled on other grounds in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)).

(3) In the interest of justice, EXHIBIT 1 contains material and urgent information regarding false and thereby fraudulent statements contained in paragraph 14 of plaintiff's complaint, which should be disposed of prior to defendant filing an answer to plaintiff's complaint. EXHIBIT 1 revises, with particularity, the representations made by plaintiff regarding 'JAL' and plaintiff's specific allegations against defendant Powell in a manner that greatly affects these proceedings and requires the immediate attention of this Court.

(4) In EXHIBIT 1, JAMES LAWRENCE specifically states "I wish to clarify some statements in my previous declaration" (DOC. 5). With particularity, JAMES

LAWRENCE directs the Court to make revisions related to deleting named defendant "Powell" from Sections 4, 5, and 9 of his previous declaration (DOC. 5). The allegations in paragraph 14 of the complaint are and are made in reliance on said Sections 4, 5, and 9 of (DOC.5) and should be stricken from the complaint prior to Defendant Powell being compelled to answer plaintiff's complaint. EXHIBIT 1 illustrates that Powell should be deleted from the allegations contained in paragraph 14. Because EXHIBIT 1 provides facts to illustrate the scandalous nature of paragraph 14, Defendant Powell argues that paragraph 14 should be stricken from the complaint prior to his being compelled to file an answer

(5) In light of EXHIBIT 1, this Court should order that paragraph 14 be immediately stricken from plaintiff's complaint because it contains false and fraudulent statements about the witness 'JAL'. The previous DECLARATION of 'JAL' should also be stricken and revised as instructed by JAMES LAWRENCE in EXHIBIT 1. Pursuant to L.R. 7-5(a) & (b), Movant has appended this Memorandum of Points and Authorities in Support of Defendant's Motion to Strike Paragraph 14 of Plaintiff's Complaint for False and Fraudulent Statements under FRCP 12(f).

(6) Respectfully, in light of EXHIBIT 1, Defendant Powell's prayer for relief is that this Court will issue an order to strike paragraph 14 from the plaintiff's complaint because such statements have been clarified by the named witness 'JAL' such that they are factually false. Due to the demonstrably false and scandalous statements contained

in paragraph 14, as evidenced by EXHIBIT 1, this Court should grant Defendant Powell leave from his obligation to file answer to plaintiff's complaint (DOC. 64) until this Motion to Strike has been heard.

(7) As a matter of law, given the facts established in EXHIBIT 1, Defendant Powell is entitled to relief from the obligation answer the scandalous allegations contained in paragraph 14 of plaintiff's complaint. Therefore, Defendant Powell's prayer for relief is that this Court shall stay his obligation to file an answer until this Motion to Strike based upon the facts disclosed by the DECLARATION OF JAMES LAWRENCE in EXHIBIT 1 is fully adjudicated and afforded due process of law.

_____      1/17/12
Daniel C.S. Powell                 Date

# EXHIBIT 1:

## DECLARATION OF JAMES LAWRENCE DATED JANUARY 10, 2012

James A. Lawrence
7988 Keith Winney Circle
Sacramento, CA 95829

## DECLARATION OF JAMES LAWRENCE

I, James A. Lawrence, hereby declare as follows:

1. In the interest of justice, for the public record of this Court, regarding Complaint No. CV11-07147 GHK MANX, I wish to clarify some statements in my previous declaration dated in August 2011.
2. I did not personally write the previous declaration, although I did review and edit it prior to signing it.
3. I spoke with several different Christian Stanley representatives prior to deciding to invest. Although I received most of my information about the investment from Daniel Powell, I do not recall specifically or in detail who provided what information. I would therefore like to make the following clarifying revisions to my previous declaration.
4. Revise Section 4 to read:
"I understood the risk of a reverse life insurance investment with Christian Stanley to be very low, and that Christian Stanley could offer a 12% return based on insurance policies that they had access to. I was told that, based on policies they were able to purchase, they were able to get or exceed that return on average. I was further told that Christian Stanley purchased life insurance policies from individuals that were issued by highly rated companies and that Christian Stanley investigated the medical histories of the individuals who were insured."
5. In Section 5, delete the words:
"Powell and the other".
6. In the second sentence of Section 9, delete the words:
"provided by Powell"

I declare under penalty of perjury that the foregoing is true and correct.
Executed this 10 day of January, 2012 in Sacramento, California.

James A. Lawrence

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California
County of Sacramento

On January 16, 2012 before me, David Mullen, Notary Public
      DATE                                   NAME, TITLE OF OFFICER-E.G., "JANE DOE, NOTARY PUBLIC"

personally appeared, James A. Lawrence

, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

_[signature]_ (SEAL)
NOTARY PUBLIC SIGNATURE

DAVID MULLEN
COMM. # 1879271
NOTARY PUBLIC - CALIFORNIA
SACRAMENTO COUNTY
COMM. EXPIRES FEB. 6, 2014

_____OPTIONAL INFORMATION_____

THIS OPTIONAL INFORMATION SECTION IS NOT REQUIRED BY LAW BUT MAY BE BENEFICIAL TO PERSONS RELYING ON THIS NOTARIZED DOCUMENT.

TITLE OR TYPE OF DOCUMENT Declaration of James Lawrence

DATE OF DOCUMENT _____  NUMBER OF PAGES 1

SIGNER(S) OTHER THAN NAMED ABOVE _____

SIGNER'S NAME _____   SIGNER'S NAME _____

Copies of ORDER to:   Spencer E. Bendell
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036

Lucee S. Kirka
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036

Peter F. Del Greco
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036

## CERTIFICATE OF SERVICE

I certify that I have served copies of the forgoing, via email ~~[redacted]~~, to:

Spencer E. Bendell
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036

Lucee S. Kirka
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036

Peter F. Del Greco
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036

_[signature]_
Daniel C.S. Powell

1/17/12
Date