FILED

Daniel C.S. Powell
6561 Carthage St.
San Diego, CA 92120
No Phone

2012 JAN 18 PM 2:46

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Securities and Exchange Commission, | CV11-07147 GHK (MANX) |
| Plaintiff, | **MEMORANDUM IN SUPPORT DEFENDANTS MOTION TO STRIKE PARAGRAPH 14 OF PLAINTIFF'S COMPLAINT FOR FALSE AND FRAUDULENT STATEMENTS** |
| v. | |
| Christian Stanley, Inc. and Daniel C.S. Powell, | |
| Defendants, | |
| and | Judge: Hon. George H. King |
| Christian Stanley, LLC and Daniel Christian Stanley Powell Realty Holdings, Inc., | Date of Hearing: 27 Feb. 2012 |
| Relief Defendants. | Time of Hearing: 9:30 a.m. |

(1) Pursuant to FRCP 12(f)--*The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.* Paragraph 14 of plaintiff's complaint contains false and thereby fraudulent statements, which should be stricken from the pleading prior to Defendant answering the Complaint. This Court must not compel Defendant to answer allegations, which are factually false and fraudulent on the record.

1     (2) This 12(f) Motion to Strike is made on the grounds that on January 13, 2012, Defendant received by U.S. Mail a notarized document, dated January 10, 2012, which is entitled "DECLARATION OF JAMES LAWRENCE" (EXHIBIT 1). James Lawrence is the named witness 'JAL' relied upon by plaintiff in paragraph 14 of the complaint and in (DOC. 5)—DECLARATION OF JAMES A. LAWRENCE, concurrently filed with the Complaint and dated August 25, 2011. "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (overruled on other grounds in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)).

(3) In the interest of justice, EXHIBIT 1 contains material and urgent information directly from 'JAL' regarding false and thereby fraudulent statements contained in paragraph 14 of plaintiff's complaint, which should be disposed of prior to defendant filing an answer to plaintiff's complaint. EXHIBIT 1 revises, with particularity, the representations made by plaintiff regarding 'JAL' and plaintiff's specific allegations against defendant Powell in a manner that greatly affects these proceedings and requires the immediate attention of this Court. In light of FRCP 12(g), the information contained in EXHIBIT 1 could not have possibly been raised before now in this action.

(4) In EXHIBIT 1, JAMES LAWRENCE specifically states "I wish to clarify some statements in my previous declaration" (DOC. 5). With particularity, JAMES LAWRENCE directs the Court to make revisions related to deleting named defendant

1  "Powell" from Sections 4, 5, and 9 of his previous declaration (DOC. 5). The allegations
2  in paragraph 14 of the complaint are made in reliance on said Sections 4, 5, and 9 of
3  (DOC.5) and should be stricken from the complaint prior to Defendant Powell being
4  compelled to answer plaintiff's complaint. EXHIBIT 1 illustrates that Powell should be
5  deleted from the allegations contained in paragraph 14. Because EXHIBIT 1 provides
6  facts to illustrate the scandalous nature of paragraph 14, Defendant Powell argues that
7  paragraph 14 should be stricken from the complaint prior to his being compelled to file
8  an answer

10  (5) In light of EXHIBIT 1, this Court should order that paragraph 14 be
11  immediately stricken from plaintiff's complaint because it contains false and fraudulent
12  statements about the witness 'JAL'. The previous DECLARATION of 'JAL' should also
13  be stricken and revised as instructed by JAMES LAWRENCE in EXHIBIT 1. Pursuant to
14  L.R. 7-5(a) & (b), Movant has appended this Memorandum of Points and Authorities in
15  Support of Defendant's Motion to Strike Paragraph 14 of Plaintiff's Complaint for False
16  and Fraudulent Statements under FRCP 12(f).

18  (6) Respectfully, in light of EXHIBIT 1, Defendant Powell's prayer for relief is that
19  this Court will issue an order to strike paragraph 14 from the plaintiff's complaint
20  because such statements have been clarified by the named witness 'JAL' such that they
21  are factually false. Due to the demonstrably false and scandalous statements contained
22  in paragraph 14, as evidenced by EXHIBIT 1, this Court should grant Defendant Powell

1 leave from his obligation to file answer to plaintiff's complaint (DOC. 64) until this Motion
2 to Strike has been heard.

3     (7) As a matter of law, given the facts established in EXHIBIT 1, Defendant
4 Powell is entitled to relief from the obligation answer the scandalous allegations
5 contained in paragraph 14 of plaintiff's complaint. Therefore, Defendant Powell's prayer
6 for relief is that this Court shall stay his obligation to file an answer until this Motion to
7 Strike based upon the facts disclosed by the DECLARATION OF JAMES LAWRENCE
8 in EXHIBIT 1 is fully adjudicated and afforded due process of law.

9     (8) EXHIBIT 2 is the Affidavit of Malcolm L. Guerin, (DOC. 39), which
10 corroborates the facts clarified by 'JAL' in EXHIBIT 1 and provides additional facts.

11 _____      1/18/12_____
12 Daniel C.S. Powell                                  Date

# EXHIBIT 1:

# DECLARATION OF JAMES LAWRENCE, DATED 1/10/12

James A. Lawrence
7988 Keith Winney Circle
Sacramento, CA 95829

## DECLARATION OF JAMES LAWRENCE

I, James A. Lawrence, hereby declare as follows:

1. In the interest of justice, for the public record of this Court, regarding Complaint No. CV11-07147 GHK MANX, I wish to clarify some statements in my previous declaration dated in August 2011.
2. I did not personally write the previous declaration, although I did review and edit it prior to signing it.
3. I spoke with several different Christian Stanley representatives prior to deciding to invest. Although I received most of my information about the investment from Daniel Powell, I do not recall specifically or in detail who provided what information. I would therefore like to make the following clarifying revisions to my previous declaration.
4. Revise Section 4 to read:
"I understood the risk of a reverse life insurance investment with Christian Stanley to be very low, and that Christian Stanley could offer a 12% return based on insurance policies that they had access to. I was told that, based on policies they were able to purchase, they were able to get or exceed that return on average. I was further told that Christian Stanley purchased life insurance policies from individuals that were issued by highly rated companies and that Christian Stanley investigated the medical histories of the individuals who were insured."
5. In Section 5, delete the words:
"Powell and the other".
6. In the second sentence of Section 9, delete the words:
"provided by Powell"

I declare under penalty of perjury that the foregoing is true and correct.
Executed this _10_ day of January, 2012 in Sacramento, California.

_____
James A. Lawrence

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California
County of Sacramento

On January 10, 2012 before me, David Mullen, Notary Public
\_\_\_\_DATE\_\_\_\_ NAME, TITLE OF OFFICER-E.G., "JANE DOE, NOTARY PUBLIC"

personally appeared, James A. Lawrence

, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

_[signature]_ (SEAL)
NOTARY PUBLIC SIGNATURE

DAVID MULLEN
COMM. # 1879271
NOTARY PUBLIC - CALIFORNIA
SACRAMENTO COUNTY
COMM. EXPIRES FEB. 6, 2014

_____OPTIONAL INFORMATION_____

THIS OPTIONAL INFORMATION SECTION IS NOT REQUIRED BY LAW BUT MAY BE BENEFICIAL TO PERSONS RELYING ON THIS NOTARIZED DOCUMENT.

TITLE OR TYPE OF DOCUMENT Declaration of James Lawrence

DATE OF DOCUMENT _____ NUMBER OF PAGES 1

SIGNER(S) OTHER THAN NAMED ABOVE _____

SIGNER'S NAME _____ SIGNER'S NAME _____

# EXHIBIT 2:

# AFFADAVIT OF MALCOLM L. GUERIN, DATED 11/10/11

Malcolm Lawrence Guerin
5816 Laurel Cove Court
Elk Grove, California 95757
(916) 752-5208

State of California     )
                        )     SSN: XX -1344
County of Sacramento    )

I, Malcolm L. Guerin (hereinafter "Affiant"), being first duly sworn according to law, having first-hand knowledge of the facts contained herein, and being competent to testify, do affirm the following:

1. As of the date of this affidavit, November 10, 2011, Affiant has read the Complaint CV11-07147 GHK MANX and Affiant does have firsthand knowledge of this matter as it pertains to the alleged JAL as indicated in Paragraph 14 of the Complaint. Affiant does hereby testify that Affiant attends the same First Baptist Church of Elk Grove (hereinafter "Church") as the alleged JAL and at this Church Affiant and JAL did engage in private conversations pertaining to Christian Stanley. Specifically, Affiant is a lender in the Christian Stanley program and Affiant is also an Independent Contractor in the Christian Stanley life settlements program and Affiant discussed these programs with JAL at Church several times and JAL participated as a lender in the Christian Stanley program after learning about this lending program from Affiant. Furthermore, the alleged 'sponsored radio show' that is mentioned in the Complaint is not the source of how the alleged JAL learned about the lending program, rather, JAL learned about the lending program from Affiant and the two parties [Affiant and JAL] engaged in material discussions about the Christian Stanley lending program.

2. Affiant does have first hand knowledge of this matter and hereby testifies that the alleged JAL learned about the Christian Stanley lending program from Affiant and not from the

alleged radio show. Affiant is familiar with the alleged radio show and Affiant hereby testifies that to the fullest of Affiants firsthand knowledge of this matter the alleged radio show did not discuss matters of the lending program.

_____
Malcolm L. Guerin

On this 10th day of November in the year 2011, Malcolm L. Guerin did appear before me, Mary Cabranes, a Notary Public in the State of California, and being duly sworn, acknowledged that he executed the foregoing as his free act and deed.

_____
Notary Public

My commission expires:
4-12-2014



MARY CABRANES
COMM. # 1883757
NOTARY PUBLIC - CALIFORNIA
SACRAMENTO COUNTY
COMM. EXPIRES APRIL 12, 2014

| | | |
|---|---|---|
| 1 | Copies of ORDER to: | Spencer E. Bendell |
| 2 | | Securities and Exchange Commission |
| 3 | | 5670 Wilshire Boulevard, 11th Floor |
| 4 | | Los Angeles, California 90036 |
| 6 | | Lucee S. Kirka |
| 7 | | Securities and Exchange Commission |
| 8 | | 5670 Wilshire Boulevard, 11th Floor |
| 9 | | Los Angeles, California 90036 |
| 11 | | Peter F. Del Greco |
| 12 | | Securities and Exchange Commission |
| 13 | | 5670 Wilshire Boulevard, 11th Floor |
| 14 | | Los Angeles, California 90036 |

## CERTIFICATE OF SERVICE

I certify that I have served copies of the forgoing, via personal delivery, to:

Spencer E. Bendell
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036

Lucee S. Kirka
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036

Peter F. Del Greco
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036

x _____    1/18/12
Daniel C.S. Powell              Date