FILED

Daniel C.S. Powell
6561 Carthage St.
San Diego, CA 92120
No Phone

2012 FEB 15   PM 1:05

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____ (AP)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Securities and Exchange Commission, ) | CV11-07147 GHK (MANX) |
| ) | |
| Plaintiff, ) | **Memorandum of Points and** |
| ) | **Authorities in Support of** |
| v. ) | **Defendant's Powell's** |
| ) | **Opposition to Plaintiff's** |
| Christian Stanley, Inc. and Daniel C.S. Powell, ) | **Ex Parte Application to** |
| ) | **Continue Hearing on Motion** |
| Defendants, ) | **to Strike Paragraph 14 of** |
| and ) | **Plaintiff's Complaint and** |
| ) | **For the Court to Consider** |
| Christian Stanley, LLC and Daniel Christian ) | **Commission's Opposition to** |
| Stanley Powell Realty Holdings, Inc., ) | **that Motion.** |
| ) | |
| Relief Defendants. ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION

(1) As a matter of law, Mr. Powell is *entitled* to a default judgment in his favor regarding his motion to strike (Doc. 70). As noted by Plaintiff, "excusable neglect" is a somewhat "elastic concept," however, in this highly publicized case, *stretching it this far breaks the rubber band* of the public trust, thereby eroding the public's confidence in the fairness of these proceedings, which is in contradiction the public interest (re: EXHIBITS 2-6). On 2/13/12, Plaintiff filed a two-pronged *ex parte* application requesting both a continuance regarding Mr. Powell's Motion to Strike, and its *untimely* Opposition to said Motion be considered, despite having filed it a full week late.

1

1          (2) Mr. Powell does not desire to play *procedural hockey* by delaying the

2    progress of this case, nor does he desire to be granted more time under L.R. 7-11, as

3    Plaintiff suggest will cure his suffering of unfair prejudice. Instead, Mr. Powell justifiably

4    objects that granting Plaintiff's *ex parte* motion will be *unfairly* prejudicial to him because

5    it delays the progress of this case. This dilatory strategy protracts his ability to be

6    vindicated of these derogatory and baseless allegations of fraud, which inherently cast

7    Mr. Powell in a negative moral light. By design, this unfairly imposes emotional duress

8    on Mr. Powell

9          (3) The law on *ex parte* applications is well-settled in this circuit. In order to justify

10   *ex parte* relief, the moving party must establish (1) that its cause will be irreparably

11   prejudiced if the underlying motion is heard according to regular noticed motion

12   procedures, and (2) that it is without fault in creating the crisis that requires *ex parte*

13   relief, or that the crisis occurred as a result of excusable neglect. See Mission Power

14   Eng'g Co. v. Continental Cas. Co., 883 F. Supp.488, 492 (C.D. Cal. 1995).

15         (4) This Court should follow L.R. 7-19, L.R. 7-19.1, and L.R. 7-19.2. An *ex parte*

16   application has due process implications and is for extraordinary situations only.

17   Fuentes v. Shevin, 407 U.S. 67, 80-82 (1972) (due process requires that affected

18   parties "are entitled to be heard" following "meaningful" notice, except in "extraordinary

19   situations"); Sniadach v. Family Fin. Corp. of Bay View, 395 U.S. 337, 339-40 (1969)

20   ("the right to be heard 'has little reality or worth unless one is informed that the matter is

21   pending and can choose for himself whether to appear or default, acquiesce or

22   contest'").

1     (5) Regarding the *first*-prong of Plaintiff's *ex parte* application. continuances are

2    granted only on a showing of good cause. Here, there is no such good cause. In light of

3    Counsel for Plaintiff's own words, which are captured in EXHIBIT 1, it is not reasonable

4    to attribute his gross failures to mere 'excusable neglect' and his Declaration's (Doc. 80-

5    2) attempt to do so brings light to the nefarious pattern of 'bad faith' filings, which

6    Plaintiff has come to personify in these proceedings (Doc. 80-2).  Mr. Powell states that:

7    (1) he does *not* agree to the continuance, (2) the requested change is *unfairly*

8    prejudicial to him and will severely *harm* his ability to present his arguments in a

9    concentrated manner because it forces him to *squeeze* three instant motions into one

10   hearing, (3) this Court has already once granted *ex parte* relief to Plaintiff and to do so

11   again [*ex parte-squared*] would pitifully undermine his due process rights, (4) EXHIBIT 1

12   proves that 'excusable neglect' is inapplicable to Plaintiff, (5) granting Plaintiff's *ex parte*

13   Motion is grossly in contradiction to the public interest because it will undermine the

14   public's confidence in Court's commitment to the impartial and independent

15   dispensation of justice (re: EXHIBITS 2-6).

16       (6) Contrary to Plaintiff's contentions, striking Paragraph 14 *will* greatly narrow

17   the issues and avoid unnecessary and protracted discovery, which shall further delay

18   the progress of this case and waste court resources. Mr. Powell states that granting his

19   motion to strike will make this case ripe for partial summary judgment consideration to

20   dismiss Plaintiff's first Claim for Relief because the named 'JAL' is the *only* concrete and

21   particularized evidence to support this claim. Hence, Mr. Powell's motion serves the

22   genuine purposes of the speedy dispensation of justice. Plaintiff's *untimely* and *ex parte*

23   motions are as a game of *charades* because they keep the Court and Mr. Powell

1    administratively guessing. This liberally waste the judicial economy of this honorable

2    Court.

3           (7) First, L.R. 7-12 provides that the Court may decline to consider any

4    memorandum or other paper not filed within the deadline set by order or local rule. The

5    failure to file any required paper, or the failure to file it within the deadline, may be

6    deemed consent to the granting or denial of the motion. As such, Mr. Powell is entitled

7    to a default judgment in his favor regarding his motion to strike.  Furthermore, L.R. 7-13

8    admonishes, after the time for filing has expired, that a party filing any document in

9    support of, or in opposition to, any motion noticed for hearing, shall be subject to the

10   sanctions of L.R. 83-7 and the FRCP. Accordingly, Mr. Powell request that this Court

11   take judicial notice that his prayer for relief evokes sanctions against Counsel for

12   Plaintiff.

13          (8) Indeed, regarding the two-prongs of Plaintiff's request, please take judicial

14   notice that Paragraph 9 the Court's *Case Management Order* (Doc. 17) expressly

15   admonishes the parties that "the court entertains *ex parte* applications only in

16   extraordinary circumstances; sanctions may be imposed for misuse of the ex parte

17   process. McVay v. Fedex Ground, et al., 2003 WL 22769080, *2 (C.D. Cal. July 21,

18   2003); *see also In re Intermagnetics Am., Inc., 101 B.R. 191 (C.D. Cal. 1989)*. Hence,

19   L.R. 7-13 and (Doc. 17) provide two distinct, and yet complimentary, reasons to

20   sanctions to be imposed on Counsel for Plaintiff. The Court should *flip and coin* and

21   decide which of these two independently enforceable standards for sanctions best

22   applies in this case. These two standards provide the legitimate grounds for "*sanctions-*

4

1    *squared*" to be imposed on Counsel for Plaintiff. There are no reasonable and fair

2    grounds to adequately justify Plaintiff's motion.

3            (9) Regardless, Plaintiff's *ex parte* motion, does not survive the four-prong test

4    for "excusable neglect." First, Mr. Powell will be highly and unfairly prejudiced if

5    Plaintiff's motion is granted. Granting Plaintiff's request for preferential treatment is

6    inherently unfair and prejudicial to Mr. Powell. It is not likely that if the proverbial shoe

7    were on the other foot, Mr. Powell would be granted such extraordinary *red carpet*

8    treatment in the Court were he to file an *ex parte* application under similarly situated

9    circumstances. Moreover, like all other litigants, Mr. Powell has already planned his

10   schedule around the existing court calendar. It is not reasonable or fair that Counsel for

11   Plaintiff's preferences should supersede the business of the court in deciding cases.

12           (10) Furthermore, Mr. Powell strongly objects that granting Plaintiff's motion puts

13   him in danger of suffering irreparable "injury in fact" because he will be forced to present

14   all three of his Motions ( Docs: 69, 82, and 84) in only one hearing. This is not

15   reasonable. As a self-litigating party appearing in *pro per*, Mr. Powell states that he has

16   not had adequate experience to give him the *courtroom stamina* of an experienced trial

17   attorney. Mr. Powell runs the unfair danger of growing mentally fatigued by being forced

18   to cover three motions (Docs: 69, 82, and 84)  in only one hearing. This lack of

19   concentration may compromise his ability to concisely communicate his arguments to

20   the Court, which places him at an unfair disadvantage.

21           (11) Due to the *ex parte* TRO, and subsequent preliminary injunction, Mr. Powell

22   lacks the financial resources to even retain a single attorney to assist him with this case.

23   Plaintiff has three highly experienced attorneys and virtually unlimited financial

1    resources. This *lopsided* equation is not linear. Therefore, it is not fair to assume that

2    the balance of equities is at parity under these circumstances. The interest of justice

3    requires that this Court not unfairly prejudice Mr. Powell in this manner.

4        (12) Secondly, the length of Plaintiff's *untimely* delay is a full week. While Plaintiff

5    seeks to minimize this delay, as the accused, from the perspective of justice, such a

6    delay may have a substantial potential impact of these proceedings and on Mr. Powell's

7    ability to effective mount his defense and adequately present his motions to the Court.

8    Third, Counsel for Plaintiff concedes that he is the proximate cause of these

9    unnecessary and reckless delays. Fourth, Mr. Powell has filed his motion to strike in the

10   highest order of good-faith. Indeed, Mr. Powell's motion to strike (Doc. 69) contains

11   clear and convincing evidence of the false and fraudulent statements contained in

12   Paragraph 14. While Counsel for Plaintiff states otherwise in his *untimely* filed

13   Opposition, averments of fraud are inherently scandalous because they innately cast a

14   derogatory light on Mr. Powell.  Allegations of fraud influence our societal perceptions

15   and are always derogatory towards the accused. Such allegations reflect negatively on

16   the moral character of Mr. Powell. This phenomena is only heightened by Plaintiff's

17   concrete and particularized touting of allegations which unfairly implicate Mr. Powell,

18   despite clear instructions from the named witness JAL to "delete Mr. Powell" from such

19   allegations.

20                                   **DISCUSSION**

21       (13) Mr. Powell states that the threshold question addressed in this matter is that

22   of *if* Counsel for Plaintiff has made an adequate showing that Plaintiff is fairly and

23   reasonably entitled to the "excusable neglect" exception. Indeed, Plaintiff's entire

1    argument turns upon the basis of "excusable neglect." The Court should find that such

2    an argument is without merit. Counsel for Plaintiff attributes his actions to "innocent

3    mistake" (Opp. P: 1, L: 12-15), but this Court made it quite clear that Mr. Powell's

4    motion to strike was calendared for Feb. 27 (Doc. 68). These circumstance do not justify

5    making an exception to the late filing rules, nor the *ex parte* rules. **The two layers of**

6    **insufficiencies at work here--*ex parte squared*--preclude Plaintiff's request for**

7    **preferential treatment. To grant Plaintiff's motion under these circumstances is**

8    **tantamount to *unfairly* discriminating against Mr. Powell in broad daylight.**

9           (14) Indeed, on January 18, 2012, after an *extensive* L.R. 7-3 conference call,

10   Mr. Bendell transmitted a rather verbose email to Mr. Powell (EXHIBIT 1), which speaks

11   for itself, and clearly proves that Mr. Bendell was *quite* aware of Mr. Powell's motion to

12   strike and all of the applicable deadlines. Even though he can recklessly *flash* the SEC's

13   law enforcement badge, Counsel for Plaintiff *cannot* refute his *own* words. Mr. Bendell's

14   email (EXHIBIT 1) effectively impeaches and precludes his claim to "excusable neglect"

15   because it demonstrates that he was 100% aware of the status quo. Hence, this

16   irrefutably proves that excusable neglect is not an adequate *alibi* for Mr. Bendell's

17   manifest failure to file an Opposition. Mr. Powell request that the Court take judicial

18   notice that this reckless irresponsibility is part of a greater pattern of failure to diligently

19   prosecute, which the Court has already *alluded* to in its previous ORDER (Doc 64). The

20   fact that conferences contemplated by FRCP 16 have not occurred is further example of

21   Plaintiff's failure to prosecute.

22          (15) Exhibits 2-6 adequately demonstrate that the public at large is watching this

23   case like a *hawk*. Granting such extraordinary preferential treatment to Plaintiff would

1    appear to demonstrate reckless favoritism, which in inimical to the public interest

2    because it undermines the principals of impartiality and independence that are the

3    indispensable attributes of the federal judiciary. This Court should not participate in

4    Plaintiff's *unfair* attempt to gain an advantage over Mr. Powell by *stealing base* in this

5    litigation because this will signal to the public that Plaintiff is *above* the rule of law.

6    (16) Plaintiff was already once granted an *ex parte* application at the onset of this

7    litigation. In light of Exhibit 1, it would appear to be an abuse of discretion against Mr.

8    Powell to enable this extraordinary remedy to be again applied under these insufficient

9    circumstances. Such would be *ex parte-squared.* This is a court of equity, but the

10   actions of Counsel for Plaintiff demonstrate a mental state of scienter that treats this

11   Court as though it were a *slot machine* to dispense *ex parte* motions at his every *beck-*

12   *and-call.* This Court should recognize this clear pattern of reckless behavior and issue

13   sanctions as appropriate under L.R. 7-13 and (Doc. 17).

14   (17) In light of Exhibit 1, Plaintiff's "excusable neglect" argument is made is bad

15   faith and is a bogus abuse of the *ex parte* process. Counsel for Plaintiff should be

16   sanctioned as such. Indeed, the actions of Counsel for Plaintiff either demonstrates a

17   *profound* lack of understanding of due process rights, or a reckless disregard, for the

18   exacting rules of *ex parte* applications.  These circumstances do not justify the relief

19   Counsel for Plaintiff now seeks. *Ex parte* relief is reserved for applicants who

20   demonstrate why they should be allowed to **"go to the head of the line in front of all**

21   **other litigants and receive special treatment."** Mission Power Eng'g, 883 F. Supp. at

22   492. Plaintiff's Opposition to Mr. Powell's motion to strike was due on February 6, 2012.

1    The Court was *clear* in its ORDER (Doc. 68) that Mr. Powell's motion to strike was on

2    the calendar for 2/27/12.

3           (18) In fairness, Mr. Powell appears in *pro per* and he was adequately able to

4    understand the ORDER (Doc. 68). Mr. Bendell is a graduate of *Harvard Law School*

5    with 16 years of legal experience. He also has two other competent Attorneys assisting

6    him with this case. Combined, Plaintiff's legal team has over 50 years of legal

7    experience. There is no fairly excusable reason why Plaintiff's well financed legal team

8    manifestly dropped the ball. Mr. Bendell has the reading comprehension ability required

9    to understand the ORDER (Doc. 68). Also, Mr. Bendell has the writing ability to comply

10   with said ORDER. Now therefore, of his own *inexcusable negligence*, Mr. Bendell and

11   indeed Plaintiff's entire legal team, failed to exercise either of these capacities.

12          (19) In practicality, perhaps the relevant judicial inference is that on Feb. 5, the

13   day before his Opposition was due, Counsel for Plaintiff was too busy watching *SUPER*

14   *BOWL XLVI* and failed to discharge his duties to this Court. Indeed, this case is the

15   SUPER BOWL of law and its presiding Judge is the referee. In this high stakes game,

16   where Mr. Powell's welfare and public reputation is on the line, granting preferential

17   treatment to Plaintiff under these conditions is not in the interest of justice.  Counsel for

18   Plaintiff's late filing and *ex parte* abuses are independently sanctionable [*sanctions-*

19   *squared*].  Accordingly, even if Plaintiff could establish that it will be irreparably

20   prejudiced were the case to proceed according to regular noticed motion procedures,

21   which Mr. Powell denies, its Counsel fails to show that he is without fault in creating the

22   situation that requires *ex parte* relief. Therefore, the Court should holds that Plaintiff's

23   counsel failed to satisfy the standard set forth in *Mission Power.* Now therefore, as a

1    rule of law, Mr. Powell is legally entitled to a default judgment in his favor regarding the

2    motion to strike.

3                                    **CONCLUSION**

4           (20)    While Counsel for Plaintiff may *articulately* label its two-pronged *ex parte*

5    request as 'respectful', actions speak and echo much louder than words. Indeed,

6    Counsel for Plaintiff's cavalier characterization of his utter failure to adhere to the L.R. 7-

7    10 and *ex parte* abuses demonstrate a disregard for the Local Rules of this Court and

8    the inability to accept responsibility for his gross negligence. This Memorandum in

9    Opposition has proven that the Counsel for Plaintiff's request is inherently disrespectful

10   of the Court, Mr. Powell, the public interest, and the interest of justice.

11          (21) Mr. Powell states that the threshold question to be addressed in this matter

12   is that of 'excusable neglect,' which Mr. Powell unequivocally denies is available to

13   Plaintiff in this inquiry as a matter of law. First, EXHIBIT 1 is an email that Mr. Powell

14   received from Mr. Bendell on 1/18/12. This document speaks for itself. On its face,

15   EXHIBIT 1 foundationally establishes the fact that Counsel for Plaintiff stipulated with

16   Mr. Powell the precise series of filings which he claims caused of his "*innocent mistake.*"

17   Mr. Powell evokes the doctrine of preclusion of inconsistent positions to implore this

18   Court to exercise judicial estoppel to restrain Plaintiff from making claims of 'excusable

19   neglect' in bad faith. Like the proverbial attempt to '*mix oil and water*' the facts and

20   representations established by Plaintiff in EXHIBIT 1 are irresolvable with the claims

21   Counsel for Plaintiff purports in his Declaration (Doc. 80-2) filed in support of this *ex

22   parte* application. The fact that EXHIBIT 1 contradicts to the basis of the Declaration

1   (Doc. 80-2) is clear and convincing evidence to impeach Plaintiff's *shady* 'excusable

2   neglect' argument without any further *adieu*.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

1

2

3

4

5

6

7

8

9

10

11

12           **<u>EXHIBIT 1:</u>**

13

14        EMAIL OF MR. BENDELL DATED 1/18/12

15

16

17

18

19

20

21

22

23

1   **Forwarded Message -----**
2   **From:** "Bendell, Spencer E." <BendellS@sec.gov>
3   **To:** Daniel Powell <dpowell2003@yahoo.com>
4   **Cc:** "Kirka, Lucee S." <KirkaL@SEC.GOV>; "Bendell, Spencer E."
5   <BendellS@sec.gov>
6   **Sent:** Wednesday, January 18, 2012 11:09 AM
7   **Subject:** RE: SEC v. Christian Stanley
8
9   Mr. Powell,
10
11   This will confirm our conversation of earlier this morning.
12
13   As I mentioned, you have already filed the motion to strike; therefore, a post-filing conference
14   could not avoid the motion or narrow the issues as contemplated by Local Rule 7-3.  In our
15   view, your motion was procedurally improper for a variety of reasons.  You failed to comply
16   with Local Rule 7-3.  Additionally, your motion does not provide sufficient notice.  Local Rule
17   6-1 requires that a motion be filed and served no later than 28 days before the date set for the
18   hearing (if by mail, service must be made 31 days before the hearing).  You filed your motion 27
19   days before the hearing, and did not serve it either by mail or personally.   As we discussed, if
20   you were to withdraw your motion to strike and re-file and serve it with a hearing date set that
21   complies with Local Rule 6-1, this would remove the above procedural objections to your
22   motion.
23
24   However, even if you re-file your motion we will continue to oppose the motion for multiple
25   reasons.  Because you failed to raise your challenge to paragraph 14 of the complaint in your
26   initial motion to dismiss pursuant to Rules 12(b)(6) and 12(b)(1), you have waived your right to
27   bring a Rule 12(f) motion to strike.  *See* Fed. R. Civ. Proc. 12(g)(2).  I understand that you
28   contend that Rule 12(g)(2) does not prohibit this motion, and the Court will ultimately have to
29   resolve the issue.  Additionally, we believe the language you seek to have stricken does not meet
30   the standard for a motion under Rule 12(f), and I understand you disagree with that interpretation
31   as well.
32
33   We also discussed your proposed motion to change venue.   In our previous conversation we had
34   discussed the requirement that venue would have had to have been proper in the transferee
35   district at the time of filing of the complaint.  Today, you indicated that you believe that venue
36   would have been proper in San Diego at the time the case was filed because several investors are
37   located in San Diego.  However, it was not clear from our conversation whether those are
38   investors who purchased the debentures which are the subject of the Complaint or persons who
39   purchased stock in an earlier offering.
40
41   Finally, while we did not discuss it in our call today, I wish to clarify the SEC's position on the
42   issue of service of papers in this case.  To avoid any confusion going forward,  we have not
43   consented to  you serving papers on the SEC via e-mail.  I would be willing to consider doing so
44   after a period during which you serve us in a traditional manner (mail or personal service) along
45   with a courtesy copy via email.  If we build up experience where there are no technical issues
46   preventing effective receipt of service via email and if the courtesy copies are complete and

1    timely, I would then consider consenting to service via email in lieu of traditional service.  With
2    respect to service by the SEC on you via email, I remain willing to draft a consent, compliant
3    with Federal Rule of Civil Procedure 5 (b)(2)(E), for your signature; however, and in any event,
4    the SEC will not be required to serve you via email and will always retain the ability to serve you
5    via traditional means as contemplated by the Rules.
6
7    Sincerely,
8
9    Spencer Bendell
10
11   ------------------------------------------------------
12   Spencer E. Bendell
13   Senior Trial Counsel, Division of Enforcement
14   United States Securities and Exchange Commission
15   5670 Wilshire Boulevard, 11th Floor
16   Los Angeles, CA 90036
17   Direct Dial: (323) 965-3833
18   Fax: (323) 965-3815
19   E-mail: BendellS@sec.gov
20

21

22

23

24

25

26

27

28

29

30

31

32

33

1

2

3

4

5

6

7

8

9

10                          **<u>EXHIBIT 2-6:</u>**

11

12                  DECLARATIONS OF PUBLIC INTEREST

13

14

15

16

17

18

19

20

21

22

23

Name: _Maria C. Invirigarro_

City/State: _Dallas TX_

**DECLARATION OF** _Maria C. Invirigarro_

I, _Maria C. Invirigarro_ (hereinafter "I, me"), being first duly sworn according to law, under penalty of perjury, having first-hand knowledge of the facts contained herein, and being competent to testify, do affirm the following:

1. I am a law abiding citizen. I am a contentious member of the American public. While I am not 'taking sides' in this litigation, I believe that the law should be *equally* applied to both the Plaintiff and the Defendant. I give all Honor, deference, and respect due to the presiding Judge of this Court. My understanding is that in our free society, the rule of law is not meant to be broken. From driving-to-personal conduct, we must all follow the rule of law in every aspect of our daily lives. Rules must be equally applied to all parties in a legal proceeding to ensure the equal protection and equal treatment of all litigants. This prevents individual litigants from suffering unfair prejudice in Court proceedings. Respectfully, in light of Plaintiff's *ex parte* Motion dated 2/13/11, I write to express my genuine concern that the proceedings in CV11-07147 GHK (MANX) be adjudged in a reasonable, fair, and adequate manner that upholds the public interest. To my knowledge, the public is quite interested of these proceedings. I have always believed in the fairness, independence, and impartiality of the federal judiciary. These are more than mere words. I am following this case because I desire to witness these indispensible attributes at work in this legal action. In my opinion, Plaintiff's negligence is not an adequate excuse for its failure to comply with the rules of this Court. In light of the fact that this litigation ensued on an *ex parte* basis and that the Court has expressly discouraged ex parte applications, it appears to me that it would be unreasonable to grant Plaintiff's *ex parte* Motion because such an extension of time would be unfairly prejudicial to Mr. Powell and send the *wrong* message to the public at large. If Plaintiff is granted a second *ex parte* Motion, in my opinion, it will signal to the public that Plaintiff may simply disregard the rules. This will cause the public to lose confidence in the fairness, impartiality, and independence of these proceedings involving Mr. Powell. In my opinion, granting Plaintiff's *ex parte* Motion will grossly disserve the public interest and undermine the public's confidence in justice.

/s/ _Maria Invirigarro_ , 2.14.12

Name:___David R Douglas_____

City/State:_Dallas Texas_____

### DECLARATION OF __David R Douglas_____

I, __David R Douglas_____ (hereinafter "I, me"), being first duly sworn according to law, under penalty of perjury, having first-hand knowledge of the facts contained herein, and being competent to testify, do affirm the following:

1. I am a law abiding citizen. I am a contentious member of the American public. While I am not 'taking sides' in this litigation, I believe that the law should be *equally* applied to both the Plaintiff and the Defendant. I give all Honor, deference, and respect due to the presiding Judge of this Court. My understanding is that in our free society, the rule of law is not meant to be broken. From driving-to-personal conduct, we must all follow the rule of law in every aspect of our daily lives. Rules must be equally applied to all parties in a legal proceeding to ensure the equal protection and equal treatment of all litigants. This prevents individual litigants from suffering unfair prejudice in Court proceedings. Respectfully, in light of Plaintiff's *ex parte* Motion dated 2/13/11, I write to express my genuine concern that the proceedings in CV11-07147 GHK (MANX) be adjudged in a reasonable, fair, and adequate manner that upholds the public interest. To my knowledge, the public is quite interested of these proceedings. I have always believed in the fairness, independence, and impartiality of the federal judiciary. These are more than mere words. I am following this case because I desire to witness these indispensible attributes at work in this legal action. In my opinion, Plaintiff's negligence is not an adequate excuse for its failure to comply with the rules of this Court. In light of the fact that this litigation ensued on an *ex parte* basis and that the Court has expressly discouraged ex *parte* applications, it appears to me that it would be unreasonable to grant Plaintiff's *ex parte* Motion because such an extension of time would be unfairly prejudicial to Mr. Powell and send the *wrong* message to the public at large. If Plaintiff is granted a second *ex parte* Motion, in my opinion, it will signal to the public that Plaintiff may simply disregard the rules. This will cause the public to lose confidence in the fairness, impartiality, and independence of these proceedings involving Mr. Powell. In my opinion, granting Plaintiff's *ex parte* Motion will grossly disserve the public interest and undermine the public's confidence in justice.

/s/ _David R Douglas_

SARA ORLANDO
DAWSONVILLE, GA

## DECLARATION OF SARA ORLANDO

I, SARA ORLANDO (hereinafter "I, me"), being first duly sworn according to law, under penalty of perjury, having first-hand knowledge of the facts contained herein, and being competent to testify, do affirm the following:

1.   I am a law-abiding citizen. I am a contentious member of the American public. While I am not 'taking sides' in this litigation, I believe that the law should be *equally* applied to both the Plaintiff and the Defendant. I give all Honor, deference, and respect due to the presiding Judge of this Court. My understanding is that in our free society, the rule of law is not meant to be broken. From driving-to-personal conduct, we must all follow the rule of law in every aspect of our daily lives. Rules must be equally applied to all parties in a legal proceeding to ensure the equal protection and equal treatment of all litigants. This prevents individual litigants from suffering unfair prejudice in Court proceedings.   Respectfully, in light of Plaintiff's *ex parte* Motion dated 2/13/11, I write to express my genuine concern that the proceedings in CV11-07147 GHK (MANX) be adjudged in a reasonable, fair, and adequate manner that upholds the public interest. To my knowledge, the public is quite interested of these proceedings. I have always believed in the fairness, independence, and impartiality of the federal judiciary. These are more than mere words. I am following this case because I desire to witness these indispensible attributes at work in this legal action. In my opinion, Plaintiff's negligence is not an adequate excuse for its failure to comply with the rules of this Court. In light of the fact that this litigation ensued on an *ex parte* basis and that the Court has expressly discouraged ex *parte* applications, it appears to me that it would be unreasonable to grant Plaintiff's *ex parte* Motion because such an extension of time would be unfairly prejudicial to Mr. Powell and send the *wrong* message to the public at large. If Plaintiff is granted a second *ex parte* Motion, in my opinion, it will signal to the public that Plaintiff may simply disregard the rules. This will cause the public to lose confidence in the fairness, impartiality, and independence of these proceedings involving Mr. Powell. In my opinion, granting Plaintiff's *ex parte* Motion will grossly disserve the public interest and undermine the public's confidence in justice.

Sara Orlando

Page 1 of 1

Name: _STEPHEN FENSKE_

City/State: _WYOMING, PA_

## DECLARATION OF _STEPHEN FENSKE_

I, _STEPHEN FENSKE_ (hereinafter "I, me"), being first duly sworn according to law, under penalty of perjury, having first-hand knowledge of the facts contained herein, and being competent to testify, do affirm the following:

1. I am a law abiding citizen. I am a contentious member of the American public. While I am not 'taking sides' in this litigation, I believe that the law should be *equally* applied to both the Plaintiff and the Defendant. I give all Honor, deference, and respect due to the presiding Judge of this Court. My understanding is that in our free society, the rule of law is not meant to be broken. From driving-to-personal conduct, we must all follow the rule of law in every aspect of our daily lives. Rules must be equally applied to all parties in a legal proceeding to ensure the equal protection and equal treatment of all litigants. This prevents individual litigants from suffering unfair prejudice in Court proceedings. Respectfully, in light of Plaintiff's *ex parte* Motion dated 2/13/11, I write to express my genuine concern that the proceedings in CV11-07147 GHK (MANX) be adjudged in a reasonable, fair, and adequate manner that upholds the public interest. To my knowledge, the public is quite interested of these proceedings. I have always believed in the fairness, independence, and impartiality of the federal judiciary. These are more than mere words. I am following this case because I desire to witness these indispensible attributes at work in this legal action. In my opinion, Plaintiff's negligence is not an adequate excuse for its failure to comply with the rules of this Court. In light of the fact that this litigation ensued on an *ex parte* basis and that the Court has expressly discouraged ex *parte* applications, it appears to me that it would be unreasonable to grant Plaintiff's *ex parte* Motion because such an extension of time would be unfairly prejudicial to Mr. Powell and send the *wrong* message to the public at large. If Plaintiff is granted a second *ex parte* Motion, in my opinion, it will signal to the public that Plaintiff may simply disregard the rules. This will cause the public to lose confidence in the fairness, impartiality, and independence of these proceedings involving Mr. Powell. In my opinion, granting Plaintiff's *ex parte* Motion will grossly disserve the public interest and undermine the public's confidence in justice.

/s/ _____

Name: CHARLES KECK

City/State: OCEANSIDE, CA

## DECLARATION OF CHARLES Beck

I, CHARLES Beck (hereinafter "I, me"), being first duly sworn according to law, under penalty of perjury, having first-hand knowledge of the facts contained herein, and being competent to testify, do affirm the following:

1. I am a law abiding citizen. I am a contentious member of the American public. While I am not 'taking sides' in this litigation, I believe that the law should be *equally* applied to both the Plaintiff and the Defendant. I give all Honor, deference, and respect due to the presiding Judge of this Court. My understanding is that in our free society, the rule of law is not meant to be broken. From driving-to-personal conduct, we must all follow the rule of law in every aspect of our daily lives. Rules must be equally applied to all parties in a legal proceeding to ensure the equal protection and equal treatment of all litigants. This prevents individual litigants from suffering unfair prejudice in Court proceedings. Respectfully, in light of Plaintiff's *ex parte* Motion dated 2/13/11, I write to express my genuine concern that the proceedings in CV11-07147 GHK (MANX) be adjudged in a reasonable, fair, and adequate manner that upholds the public interest. To my knowledge, the public is quite interested of these proceedings. I have always believed in the fairness, independence, and impartiality of the federal judiciary. These are more than mere words. I am following this case because I desire to witness these indispensible attributes at work in this legal action. In my opinion, Plaintiff's negligence is not an adequate excuse for its failure to comply with the rules of this Court. In light of the fact that this litigation ensued on an *ex parte* basis and that the Court has expressly discouraged ex *parte* applications, it appears to me that it would be unreasonable to grant Plaintiff's *ex parte* Motion because such an extension of time would be unfairly prejudicial to Mr. Powell and send the *wrong* message to the public at large. If Plaintiff is granted a second *ex parte* Motion, in my opinion, it will signal to the public that Plaintiff may simply disregard the rules. This will cause the public to lose confidence in the fairness, impartiality, and independence of these proceedings involving Mr. Powell. In my opinion, granting Plaintiff's *ex parte* Motion will grossly disserve the public interest and undermine the public's confidence in justice.

/s/ Charles Q. Keck

1

**<u>PRAYER FOR RELIEF</u>**

2       Respectfully, having reviewed this pleading, Mr. Powell hereby urgently prays for

3   relief that: (1) Plaintiff's *ex parte* Motion be **DENIED** and that the Clerk be directed to

4   forward a copy of the **ORDER** to all counsel of record; (2) Mr. Powell's prayer for relief

5   is that this Court shall issue **SANCTIONS** against Counsel for Plaintiff as contemplated

6   by L.R. 7-13, L.R. 83-7, Doc. 17, and the FRCP; (3) Mr. Powell's prayer for relief is that

7   the Clerk be directed to enter default judgment in his favor and that his motion to strike

8   be **GRANTED** (Doc. 66); (4) Mr. Powell prayers for *sua esponte* relief, as the Court

9   deems reasonable, fair, adequate, and in the public interest.

10
11

12
13   x _____            2 / 15 / 12
14   Daniel C.S. Powell                           Date
15
16
17   Copies of ANSWER to:       Spencer E. Bendell
18                              Securities and Exchange Commission
19                              5670 Wilshire Boulevard, 11th Floor
20                              Los Angeles, California 90036
21
22                              Lucee S. Kirka
23                              Securities and Exchange Commission
24                              5670 Wilshire Boulevard, 11th Floor
25                              Los Angeles, California 90036
26
27                              Peter F. Del Greco
28                              Securities and Exchange Commission
29                              5670 Wilshire Boulevard, 11th Floor
30                              Los Angeles, California 90036
31
32
33
34
35

16

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have served copies of the forgoing, via personal delivery, to:

Spencer E. Bendell
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036


Lucee S. Kirka
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036

Peter F. Del Greco
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036

Daniel G. S. Powell                     Date  2/15/12

17