1  Daniel C.S. Powell
2  6561 Carthage St.
3  San Diego, CA 92120
4
5              UNITED STATES DISTRICT COURT
6              CENTRAL DISTRICT OF CALIFORNIA
7
8
9                                      )
10 Securities and Exchange Commission,    )      CV11-07147 GHK (MANX)
11                                     )
12         Plaintiff,                  )      **REPLY MEMORANDUM IN**
13                                     )      **SUPPORT OF DEFEDANT'S**
14     v.                             )      **MOTION TO STRIKE**
15                                     )      **PARAGRAPH 14 OF**
16 Christian Stanley, Inc. and Daniel C.S. Powell, )  **PLAINTIFF'S COMPLAINT FOR**
17                                     )      **FALSE AND FRAUDULENT**
18         Defendants,                 )      **STATEMENTS**
19                                     )
20 and                                 )      Judge: Hon. George H. King
21                                     )
22 Christian Stanley, LLC and Daniel Christian )  Date of Hearing: 12 Mar. 2012
23 Stanley Powell Realty Holdings, Inc.,    )
24                                     )      Time of Hearing:    9:30 a.m.
25         Relief Defendants.          )
26 _____     )
27
28

29 I. Introduction

30         (1) Respectfully, Mr. Powell request that the Court GRANT his instant Motion to

31 Strike because the statements contained in Paragraph 14 are false and fraudulent on

32 the record. Paragraph 14 contains specific and particular allegations concerning the

33 named witness 'JAL', whom has since clarified certain statements and discrepancies

34 contained in his Declaration and has directed the Court to "delete Powell" from such

35 allegations. By instructing the Court to "delete Powell", Mr. Lawrence has exonerated

36 Mr. Powell the allegations contained in Paragraph 14. Therefore, it is inappropriate,

37 unfair, and a waste of judicial economy to continue litigating this meritless issue.

1       (2)Mr. Powell states that the contents of Paragraph 14 are clearly scandalous

2    because it presents information that is patently false on the record. Mr. Lawrence has

3    clearly instructed the Court that these allegations do not apply to Mr. Powell, therefore,

4    justice requires that Mr. Powell no longer be subjected to these concrete and

5    particularized allegations, which Mr. Lawrence has already stated do not apply to Mr.

6    Powell. It is a waste of judicial economy to continue litigating this issue in light of such

7    clear and convincing evidence to the contrary.

8       (3) Removing this Paragraph 14 is quite significant because this is the only

9    specific and particular witness named in the Complaint to support the Commissions first

10   Claim for Relief, which alleges the sale of unregistered securities and nonexempt

11   securities. Contrary to Plaintiff's contentions, striking Paragraph 14 will greatly narrow

12   the issues and avoiding unnecessary and protracted discovery, which shall further delay

13   the progress of this case and waste court resources. Mr. Powell states that granting his

14   motion to strike will make this case ripe for a partial summary judgment consideration to

15   dismiss Plaintiff's first Claim for Relief because the named 'JAL' is the only concrete and

16   particularized evidence to support this claim. Hence, Mr. Powell's motion serves the

17   genuine purposes of the speedy dispensation of justice. Mr. Powell's instant Motion

18   should therefore be GRANTED.

19   II. BACKGROUND

20      (4) Paragraph 14 states that "Powell told JAL" certain representations regarding

21   the business of Christian Stanley. However, in his revised Declaration, Mr. Lawrence

22   subsequently directed the Court to "delete Powell" from such allegations. Therefore,

23   Paragraph 14 is simply a scandalous attempt to broadly paint, portray, and cast Mr.

1  Powell in a light that is derogatory and downright inaccurate. There is no lawful, or

2  moral purpose for continue to litigate this issue and as such it should be stricken.

3      (5) Mr. Powell states the TRO, and subsequent preliminary injunction, against

4  him were obtained on purely fraudulent grounds because Mr. Lawrence has exonerated

5  Mr. Powell from inclusion in such allegations by directing the Court to "delete Powell"

6  from Paragraph 14. Furthermore, the Declaration of Peter F. Del Greco (Doc.4) made

7  gross and egregious misrepresentations pertaining to Mr. Paulsteiner and Ms. Genasci,

8  whom have also provide Affidavits sufficient to prove that Mr. Powell should not be

9  included in such averments of fraudulent misrepresentations. Therefore, literally all

10  three of the witnesses that the Commission relied upon in seeking the TRO, and

11  subsequent preliminary injunction, have testified that Mr. Powell is not culpable in any

12  manner as alleged by the Commission. There is no benign explanation for this pattern

13  of nefarious misrepresentations, which the Court should clearly recognize as a clear

14  and convincing indicator of the Commission's fraud upon the court. This Court should

15  no longer participate in the Commission engine of oppression against Mr. Powell. As

16  such, Mr. Powell's instant Motion as discussed herein should be GRANTED.

17      (6) Mr. Powell, *pro se*, did not argue in his motion to dismiss that Paragraph 14

18  should be stricken because at the time, he did not understand the technical meaning of

19  a 12(f) motion to strike. Moreover, Mr. Powell was not in possession of the revised

20  Declaration of Mr. Lawrence that would provide adequate evidence and grounds to

21  support striking Paragraph 14.

22

23

III. ARGUMENT

(7) As provided by 12(f), Mr. Powell has provided the Court with a proper justification for striking Paragraph 14, which is the fact that the statements against him are scandalous, derogatory, and spurious, these issues should be disposed prior to trial to prevent protracted discovery and further delays of the progress of this case. Mr. Powell has thoroughly satisfied the 12(f) standards because Mr. Lawrence has instructed the Court to "delete Powell." It would be a liberal waste of judicial economy to continue litigating this issue.

A. The Allegations of Paragraph 14 Do Fall Within The Categories Of Material That May Be Stricken Under 12(f)

(8) Mr. Powell argues that the content of Paragraph 14 fall within the category of "scandalous" and should be stricken as such.

(9) Mr. Powell only argues that the content of Paragraph 14 fall within the category of "scandalous."

(10) Mr. Powell argues that the content of Paragraph 14 are scandalous because the cast him in a derogatory light and as the fulcrum and epicenter of fraudulent misrepresentations concerning Mr. Lawrence. In light of the fact that the particular investor, Mr. Lawrence, has directed the Court to "delete Powell", it is clearly inappropriate, spurious, and downright scandalous to continue pointing the finger at Mr. Powell after the named witness has exonerated him of these accusations. Christian Stanley, Inc. is no longer a party to this litigation involving Mr. Powell. Therefore, Mr. Powell need not be held to answer for the actions of any person but himself. As such,

1   Paragraph 14 simply does not apply to Mr. Powell. Continuing to litigate this issue would

2   be a profound waste of time and judicial economy.

3        (11) Having instructed the Court to "delete Powell", it is Mr. Lawrence himself

4   whom has expressly disputed the allegations contained in Paragraph 14. Mr. Powell

5   simply contends that this is obviously more than adequate to justify deleting this

6   scandalous issue. While Counsel for Plaintiff states otherwise in his *untimely* filed

7   Opposition, the averments of fraud contained in Paragraph 14 are inherently

8   scandalous because they intrinsically cast a derogatory light on Mr. Powell.  Allegations

9   of fraud influence our societal perceptions and are always derogatory towards the

10   accused. Such allegations reflect negatively on the moral character of Mr. Powell

11   because they accuse him of being the ring leader of a specific instance of fraud against

12   a particular person, namely, Mr. Lawrence. This phenomena is only heightened by

13   Plaintiff's concrete and particularized touting of allegations which in unfairly implicate

14   Mr. Powell, despite clear instructions from the named witness JAL to "delete Mr. Powell"

15   from such allegations.

16        (12) Here, the allegations are improperly derogatory towards Mr. Powell because

17   they do, in fact, seek to reflect on his moral character and portray him as the *Pide Piper*

18   of a specific and particular instance of fraud related to Mr. Lawrence. Mr. Lawrence has

19   since stated to "delete Powell", hence there is simply no lawful, or moral reason to

20   continue making these allegations against Mr. Powell. The Commission ignorantly

21   states that "Mr. Powell may not like the allegations, but they are included in the

22   Complaint to support his culpability, not to scandalize." Given the fact that Mr. Lawrence

23   has instructed the Court to "delete Powell", including the allegations contained in

1   Paragraph 14 do not support his culpability in any manner. It is impossible for Mr.

2   Powell's to be culpability to be supported by these allegations becayse Mr. Lawrence

3   has already exonerated him of such allegations by instructing the Court to "delete

4   Powell." Therefore,  given the fact that Mr. Powell's culpability is not supported by the

5   contents of Paragraph 14 whatsoever, the only function and effect of maintaining these

6   allegations is to wrongfully cast Mr. Powell in a derogatory light and make him

7   irrationally and arbitrarily appear as though he were the *boogie man* of fraud.

8       (13) There is simply no lawful, material, competent, plausible, reasonable,

9   rational, or moral purpose to continue subject Mr. Powell to such patently baseless

10  allegations that have been disavowed by Mr. Lawrence himself. Holding on to these

11  allegations is a desperate attempt to harass Mr. Powell and slander his moral character.

12  It is not simply Mr. Powell's belief that the Commission will not be ultimately able to

13  prove the allegations attributed to him in Paragraph 14 because Mr. Lawrence has set

14  the public record straight. Any layperson, let alone any attorney, can clearly see that it is

15  impossible to prove the allegations against Mr. Powell contained in Paragraph 14 when

16  the named witness himself, Mr. Lawrence, has specifically instructed the Court to

17  "delete Powell" from such allegations. Humorously stated, even *Stevie Wonder* could

18  see clear with 20/20 legal vision that there is simply no reason whatsoever to not strike

19  Paragraph 14. Unless the Commission is a legal *ventriloquist* that can literally put words

20  in Mr. Lawrence's mouth, it is downright asinine to continue accusing Mr. Powell of the

21  allegations contained in Paragraph 14 because Mr. Lawrence has directed the Court to

22  "delete Powell" from such allegations. Therefore, Mr. Powell is wholly entitled to have

1   this instant Motion GRANTED by every measure of law, morality, and just basic

2   common sense.

3           B. Striking Paragraph 14 Will Remove Issues and Streamline the Case

4           (14) Here, Counsel  for the Commission is downright behaving as an ignoramus

5   because it continues to make reference to defendant Christian Stanley when this Court

6   has already determined that this action at issue is solely regarding Mr. Powell.  There is

7   simply no reason for the Commission to be discussing its allegations against Christian

8   Stanley in tandem with Mr. Powell because the Company is no longer a party to this

9   litigation concerning Mr. Powell whatsoever. Is the Commission truly ignorant of this

10  fact, or is it just desperately holding on to its *sepulcher* accusations contained in

11  Paragraph 14 by the *gingivitis-ridden skin of its Counsel's missing incisor teeth*? This

12  behavior is truly incomprehensible. From a legal perspective, concerning Mr. Powell, it

13  is absolutely and positively irrelevant and immaterial what the Commission alleges

14  about defendant Christian Stanley because this entire action at issue is solely

15  concerning Mr. Powell. Hence, this action at issue is solely concerned with Mr. Powell's

16  actions and has nothing to do with defendant Christian Stanley. Counsel for the

17  Commission needs to *use its head as more than a hat rack* and focus on the issues

18  concern Mr. Powell. Mr. Lawrence has directed the Court to "delete Mr. Powell" from

19  these accusation and there is no reason to continue *holding on for dear life*.

20          (15) Mr. Powell has identified a specific issue that will be narrowed by striking

21  Paragraph 14--this will make the case ripe for a partial summary judgment to dispose of

22  its first claim for relief because Mr. Lawrence is the only concrete and particularized

23  instance cited in the Complaint to support this claim.

## IV. CONCLUSION

(16) Christian Stanley, Inc. is no longer a party to this litigation concerning Mr. Powell. Mr. Lawrence has specifically directed the Court to "delete Powell" from allegations such as those contained in Paragraph 14. Continuing to subject Mr. Powell to these baseless allegations serves no lawful or moral purpose and is simply an engine of oppression against him. As this case progresses, and its deceit continues to come to light, the Commission's may well have to change its name to *Pinocchio*.

_____          2/27/12
                                          _____
Daniel C.S. Powell                        Date

Copies of ORDER to:     Spencer E. Bendell
                        Securities and Exchange Commission
                        5670 Wilshire Boulevard, 11th Floor
                        Los Angeles, California 90036

                        Lucee S. Kirka
                        Securities and Exchange Commission
                        5670 Wilshire Boulevard, 11th Floor
                        Los Angeles, California 90036

                        Peter F. Del Greco
                        Securities and Exchange Commission
                        5670 Wilshire Boulevard, 11th Floor
                        Los Angeles, California 90036

CERTIFICATE OF SERVICE

I certify that I have served copies of the forgoing, personal delivery, to:

Spencer E. Bendell
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036

Lucee S. Kirka
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036

Peter F. Del Greco
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036

_____
Daniel C.S. Powell

2/27/12
_____
Date