1  GARY OWEN CARIS (SBN 88918)
     gcaris@mckennalong.com
2  LESLEY ANNE HAWES (SBN 117101)
     lhawes@mckennalong.com
3  DENTONS US LLP
   300 South Grand Avenue, 14th Floor
4  Los Angeles, CA  90071-3124
   Telephone:  (213) 688-1000
5  Facsimile:   (213) 243-6330

6  Attorneys for Permanent Receiver
   **ROBB EVANS & ASSOCIATES LLC**

7

8

9            **UNITED STATES DISTRICT COURT**

10          **CENTRAL DISTRICT OF CALIFORNIA**

11

12  SECURITIES AND EXCHANGE              CASE NO. CV11-07147 GHK (Ex)
    COMMISSION,
13                                        **NOTICE OF MOTION AND**
                     Plaintiff,           **MOTION FOR ORDER: (1)**
14                                        **APPROVING FINAL REPORT AND**
              v.                          **ACCOUNTING; (2)  APPROVING**
15                                        **RECEIVER'S AND COUNSEL'S**
    CHRISTIAN STANLEY, INC.; and          **FEES AND EXPENSES FROM**
16  DANIEL C.S. POWELL,,                  **INCEPTION THROUGH CLOSING;**
                                          **(3) DISCHARGING RECEIVER; (4)**
17                   Defendants,          **RELIEVING RECEIVER OF ALL**
                                          **DUTIES AND LIABILITIES; (5)**
18  and                                   **AUTHORIZING ABANDONMENT**
                                          **AND DESTRUCTION OF RECORDS;**
19  CHRISTIAN STANLEY, LLC; and           **(6) GRANTING RELIEF FROM**
    DANIEL CHRISTIAN STANLEY              **NOTICE UNDER LOCAL RULE 66-7;**
20  POWELL REALTY HOLDINGS,               **AND (7) FOR RELATED RELIEF;**
    INC.,                                 **MEMORANDUM OF POINTS AND**
21                                        **AUTHORITIES IN SUPPORT**
                     Relief Defendants.   **THEREOF**
22

23
                                          **DATE:**    February 22, 2016
24                                        **TIME:**     9:30 a.m.
                                          **PLACE:**   **Courtroom 650**
25

26

27

28

DENTONS US LLP
300 SOUTH GRAND AVENUE, 14TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3124
(213) 688-1000

1

## TABLE OF CONTENTS

**Page**

I.    SUMMARY OF FACTS ................................................................ 6

II.   THE RECEIVER SEEKS APPROVAL AND
      CONFIRMATION OF ITS ACTIVITIES IN THE CASE,
      DISCHARGE AND OTHER RELATED RELIEF AND
      INSTRUCTIONS FOR THE WIND UP OF THE ESTATE ........................ 13

III.  THE RECEIVER SEEKS APPROVAL AND PAYMENT OF
      ALL RECEIVER'S AND COUNSEL'S FEES AND
      EXPENSES WHICH WERE NECESSARY, REASONABLE
      AND APPROPRIATE UNDER THE CIRCUMSTANCES OF
      THIS CASE .......................................................................... 13

IV.   THE RECEIVER SEEKS AN ORDER LIMITING NOTICE OF
      THE HEARING ON THE MOTION UNDER LOCAL RULE
      66-7 BASED ON THE LIMITED ASSETS OF THE ESTATE ................... 15

V.    CONCLUSION ....................................................................... 18

DENTONS US LLP
300 SOUTH GRAND AVENUE, 14TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3124
(213) 688-1000

- i -

USW 805352718.1

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*In re First Alliance Mortgage Co.*,
    269 B.R. 428 (C.D. Cal. 2001) ......................................................... 17

*In re San Vicente Medical Partners Ltd.*,
    962 F. 2d 1402 (9th Cir. 1992) ......................................................... 14

*In re Yermakov*,
    718 F. 2d 1465 (9th Cir. 1983) ......................................................... 14

*Johnson v. Georgia Highway Express, Inc.*,
    488 F. 2d 714 (5th Cir. 1974) ......................................................... 14

*Securities and Exchange Commission v. Elliott*,
    953 F. 2d 1560 (11th Cir. 1992) ................................................. 14, 15

*Southwestern Media, Inc. v. Rau*,
    708 F. 2d 419 (9th Cir. 1983) ......................................................... 14

## STATUTES

11 United States Code
    § 102(1)(A) ......................................................... 17
    § 105(a) ......................................................... 17
    § 105(d) ......................................................... 17

## RULES AND REGULATIONS

Federal Rule of Bankruptcy Procedure
    Rule 2002(m) ......................................................... 17

Federal Rule of Civil Procedure
    Rule 5(a) ......................................................... 17
    Rule 5(c) ......................................................... 17
    Rule 66 ......................................................... 13

DENTONS US LLP
300 SOUTH GRAND AVENUE, 14TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3124
(213) 688-1000

- ii -

USW 805352718.1

Local Rule
    6-1 ...................................................................................................17
    66-7 ............................................................................ 15, 16, 17
    66-7(c)-(f) .....................................................................................16
    66-8 ...................................................................................................17

## **OTHER AUTHORITIES**

2 *Clark on Receivers*
    § 383.1 (3rd ed. 1992) ................................................................13

13 *Moore's Federal Practice*
    § 66.06[4][a] (Matthew Bender 3d ed. Rev. 2015) ...........................13

DENTONS US LLP
300 SOUTH GRAND AVENUE, 14TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3124
(213) 688-1000

USW 805352718.1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 22, 2016, commencing at 9:30 a.m. or as soon thereafter as the parties may be heard in Courtroom 650 of the above-entitled Court located at 255 East Temple Street, Los Angeles, CA 90012, Robb Evans & Associates LLC ("Receiver") as permanent receiver of Christian Stanley, Inc., Christian Stanley, LLC and Daniel Christian Stanley Powell Realty Holdings, Inc. and their subsidiaries and affiliates ("Receivership Defendants") pursuant to the Preliminary Injunction issued September 19, 2011, will and does hereby move the Court for the following relief:

1.      An order approving the Receiver's Final Report, as set forth in the accompanying memorandum of points and authorities and Declaration of Brick Kane filed concurrently herewith in support of this motion, and the Receiver's Final Accounting attached as Exhibit 1 to the Declaration of Brick Kane filed concurrently herewith;

2.      An order approving and confirming all actions and activities taken by or on behalf of the Receiver and all payments made by the Receiver in connection with the administration of the receivership estate;

3.      An order (a) approving all receivership administrative expenses incurred in this receivership proceeding, (b) approving and authorizing payment of all administrative expenses and all Receiver's and professionals' fees and expenses actually incurred during the period from the inception of the receivership through the closing of the receivership estate and the discharge of the receiver ("Final Expense Period"), described and estimated in the Final Accounting.  For the period from the inception of the receivership through September 30, 2015, there are unpaid Receiver's fees of $47,976.90 and expenses of $20,158.16, and unpaid Receiver's

DENTONS US LLP
300 SOUTH GRAND AVENUE, 14TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3124
(213) 688-1000

- 1 -

attorneys' fees incurred to Dentons US LLP[1] of $9,819.90 and costs of $343.84. The Receiver estimates closing expenses from October 1, 2015 through closing and the final distribution of assets to be $18,541.23, including all Receiver's and attorneys' fees and expenses for the preparation, filing and service of the final wind up motion, payment of funds, records destruction and other related wind up activities and expenses; and (c) authorizing the Receiver to distribute all assets of the receivership estate, if any, remaining after payment of all administrative expenses, including all fees and expenses of the Receiver and the Receiver's professionals incurred through the closing of the receivership estate to plaintiff Securities and Exchange Commission ("SEC").  To the extent assets of the receivership estate are insufficient to pay such fees and expenses, the Receiver requests that the Receiver be authorized to pay such allowed fees and expenses on a pro rata basis to the Receiver and the Receiver's counsel based on the Receiver's allowed amount of fees and expenses and the Receiver's counsel's allowed amount of fees and expenses;

4.     An order (a) authorizing the Receiver to abandon and destroy the records of the receivership defendants and any other corporations or businesses under the control of any of the receivership defendants in the possession, custody or control of the Receiver if, within 30 days after service of written notice to plaintiff SEC, the Receiver has not been served with a written request by the SEC for possession of the records or a subpoena by a law enforcement agency for the records, and if during such 30-day period, the Receiver is served with a written request for the records by the SEC or subpoena by a law enforcement agency for the records, authorizing the Receiver to turn over the original records to the SEC or a law enforcement agency in response to the request or subpoena, and (b) deeming

---

[1]  The Receiver has been represented in the case by the firm of McKenna Long & Aldridge LLP, which changed its name to Dentons US LLP on July 1, 2015.  *See* Notice of Change of Firm Name filed July 9, 2015 (Doc. No. 193).

DENTONS US LLP
300 SOUTH GRAND AVENUE, 14TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3124
(213) 688-1000

1   abandoned any assets not administered by the Receiver as of the closing of the
2   receivership estate.  The Receiver does not believe there are any known assets of
3   the receivership estate that have not been administered;

4        5.    An order (a) providing that neither the Receiver nor any agent,
5   employee, member, officer, independent contractor, attorney or representative of
6   the Receiver shall have any liability to any person or entity for any action taken in
7   good faith in connection with carrying out the Receiver's administration of this
8   receivership estate, and the exercise of any powers, duties and responsibilities in
9   connection therewith, and (b) effective upon the completion of the Receiver's wind
10  up of the estate, payment of administrative expenses and final distribution of funds
11  as provided herein, directing that the Receiver, its agents, employees, members,
12  officers, independent contractors, attorneys and representatives are: (i) discharged;
13  (ii) released from all claims and liabilities arising out of and/or pertaining to the
14  receivership herein; and (iii) relieved of all duties and responsibilities pertaining to
15  the receivership previously established in this action;

16       6.    An order providing for this Court to retain jurisdiction over any and all
17  matters relating to the Receiver, the receivership and the receivership estate,
18  including any matters relating to the distribution of funds received by the Receiver
19  in connection with his obligations as Receiver or otherwise received after the
20  receivership is closed, and further providing that to the extent any dispute arises
21  concerning the Receiver's administration of the receivership estate or to the extent
22  any person or entity seeks to pursue or assert any claim or action against the
23  Receiver or any agent, employee, member, officer, independent contractor, attorney
24  or representative of the Receiver, arising out of or related to this receivership, the
25  Court shall retain jurisdiction to hear and resolve any such dispute or claim;

26       7.    An order limiting notice of the hearing on this Motion under Local
27  Rule 66-7 so that notice of the hearing on this Motion is deemed sufficient if served
28  on the parties to the action and the service of a notice of hearing on this Motion on

DENTONS US LLP
300 SOUTH GRAND AVENUE, 14TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3124
(213) 688-1000

- 3 -

1    any known potential non-investor vendor and other creditors; and

2        8.    An order for any other and further relief as may be reasonable or

3    appropriate in connection with the wind up and closure of the receivership estate;

4        This motion is made pursuant to Local Civil Rule 66-7(c), (d), (e) and (f),

5    and is based upon this notice of motion and motion, on the separate notice of

6    hearing served concurrently herewith, the memorandum of points and authorities

7    and Declarations of Brick Kane and Gary Owen Caris filed in support hereof, on

8    such pleadings and files of the Court in this action, including without limitation the

9    Report of Temporary Receiver's Activities filed on September 14, 2011 (Doc. No.

10   15), of which the Receiver requests the Court take judicial notice pursuant to Rule

11   201 of the Federal Rules of Evidence, and upon such other pleadings and oral and

12   documentary evidence as may be presented at or before the time of the hearing on

13   the motion.

14       PLEASE TAKE FURTHER NOTICE that this motion is posted on the

15   Receiver's website at www.robbevans.com.[2]  Copies of this Motion will be

16   provided to any interested party upon receipt of a written request which may be sent

DENTONS US LLP
300 SOUTH GRAND AVENUE, 14TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3124
(213) 688-1000

---

27   [2] Due to the voluminous nature of the billing record exhibits attached to the
28   declarations supporting the Receiver's motion, the voluminous time records will
     not be posted on the Receiver's website.

- 4 -

1  to:  Robb Evans & Associates LLC, Attn:  Imelda Perez, 11450 Sheldon Street, Sun

2  Valley, CA 91352-1121; Telephone: (818) 768-8100; Facsimile: (818) 768-8802.

3

4  Dated:  January 19, 2016                      DENTONS US LLP
                                               GARY OWEN CARIS
5                                               LESLEY ANNE HAWES

6

7                                        By: */s/ Gary Owen Caris*
                                               Gary Owen Caris
8
                                           Attorneys for Permanent Receiver
9                                          Robb Evans & Associates LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
300 SOUTH GRAND AVENUE, 14TH FLOOR
LOS ANGELES, CALIFORNIA, 90071-3124
(213) 688-1000

- 5 -

USW 805352718.1

1   **MEMORANDUM OF POINTS AND AUTHORITIES**

2   **I.   SUMMARY OF FACTS**

3       This action was commenced by the Securities and Exchange Commission

4   (the "SEC") against defendant Christian Stanley, Inc. and individual defendant

5   Daniel C.S. Powell ("Powell"), and relief defendants Christian Stanley, LLC and

6   Daniel Christian Stanley Powell Realty Holdings, Inc. ("Realty Holdings") on or

7   about August 30, 2011.  The SEC's complaint alleged that the defendants were

8   engaged in a fraudulent investment scheme which violated numerous federal

9   securities laws.

10      On September 1, 2011, Robb Evans & Associates LLC ("Receiver") was

11  appointed temporary receiver against the Receivership Defendants, Robb Evans

12  was appointed as the temporary receiver of Christian Stanley, Inc., Christian

13  Stanley, LLC and Realty Holdings, and their subsidiaries and affiliates

14  ("Receivership Defendants") pursuant to a Temporary Restraining Order and

15  Orders:  (1) Freezing Assets; (2) Appointing A Temporary Receiver;

16  (3) Prohibiting the Destruction of Documents; (4) Requiring Accountings;

17  (5) Allowing Expediting Discovery; and Order to Show Cause Re Preliminary

18  Injunction and Appointment of a Permanent Receiver (Doc. No. 7).  Thereafter, on

19  December 7, 2004, the Court issued a Preliminary Injunction and Orders:

20  (1) Freezing Assets; (2) Prohibiting the Destruction of Documents; (3) Requiring

21  Accountings; and (4) Appointing A Permanent Receiver (Doc. No. 18) pursuant to

22  which the Receiver was appointed permanent receiver over the Receivership

23  Defendants.

24      On September 14, 2011, shortly after commencement of the action, the

25  Receiver filed its Report of Temporary Receiver's Activities (Doc. No. 15)

26  ("Receiver's Report").  The Receiver's Report explained, among other things, that

27  the Receivership Defendants were "hopelessly insolvent," and that the Receiver had

28  located no assets, and that no assets were recorded in the corporate books and

DENTONS US LLP
300 SOUTH GRAND AVENUE, 14TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3124
(213) 688-1000

records, to support, collateralize or secure the Secured Debentures which were marketed to 515

investors.  In fact, the Receivership Defendants earned only $31,250 over the seven years preceding the Receiver's appointment.  The Christian Stanley, Inc. balance sheet located by the Receiver when it took physical possession of the Receivership Defendants showed a net worth deficit of almost $5 million.  The Receiver located approximately $35,000 in cash after it was appointed, and the only other asset recovered in the case was the net proceeds of the sale of three vehicles in the amount of $10,465.07.

The Court stayed this action by order entered September 6, 2012 based on an ongoing criminal investigation of defendant Powell.  Powell was indicted by the Grand Jury on February 8, 2013 for mail fraud, wire fraud and obstruction of justice.  The Court granted a motion to intervene by the United States and stayed the case pending the criminal prosecution of Powell for his activities relating to the fraudulent investment scheme that is the subject of the SEC claims.  The Receiver's representative Brick Kane was one of the witnesses who testified for the prosecution at the criminal trial.  Powell was found guilty on all counts by a jury, and on June 5, 2015 was sentenced to 121 months in prison, as reflected in a notice filed by the Government in this action on June 23, 2015 (Doc. No. 189).

The Receivership Defendants have conducted no business since the inception of the receivership and as explained below, the Receivership Defendants and the receivership estate are insolvent.  The Receiver has executed a Stipulated Judgment on behalf of Christian Stanley, Inc., Christian Stanley, LLC and Realty Holdings which provides, without admission of liability, for a permanent ban on activities that would violate the SEC Act and regulations.  No monetary recovery by the SEC is provided in the Stipulated Judgment in light of the insolvency of the receivership estate.

The receivership estate is administratively insolvent, with a deficit of over

USW 805352718.1

DENTONS US LLP
300 SOUTH GRAND AVENUE, 14TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3124
(213) 688-1000

$50,000 based on the estimated anticipated fees and expenses incurred and to be incurred to wind up the receivership.  The Receiver has insufficient funds to pay in full all of the fees and expenses of the Receiver and its counsel and anticipates paying those fees and expenses pro rata as part of the closure of the estate.  In light of the financial condition of the receivership, this Motion and Memorandum, along with the Declaration of Brick Kane, will constitute the Receiver's Final Report.  A Final Accounting describing the receipts, disbursements and expenses of the receivership is attached as Exhibit 1 to the Kane Declaration.

Receiver's Final Report and Summary of Activities of the Receiver and Counsel

The Receiver's Report (Doc. No. 15) filed in September 2011 details the initial activities of the Receiver and the forensic accounting and analysis of the Receivership Defendants' financial records performed by the Receiver.  The Receiver took possession and control of paper and electronic records of the Receivership Defendants, met with and interviewed Powell and contacted other key individuals, including the Chief Operating Officer of Christian Stanley, Inc. and a member of the audit firm that had prepared an audit of the financials in 2009 and a draft audit opinion in 2010.  The Receiver determined through these sources and its own analysis that Powell was paid $1,350,000 from June 1, 2004 to March 31, 2011 while the Receivership Defendants' net worth deficit continued to grow to almost $5 million at the time the receivership was instituted.  The Receiver's forensic accounting analysis confirmed that the investment scheme operated as a Ponzi scheme, with the meager $31,250 in revenue being clearly insufficient to fund $219,903 in purported interest expense payments to investors and with the Receiver concluding that the only source from which the interest expense could have been paid was funds paid into the scheme by other investors.  The Receiver's Report also describes the records of the Receivership Defendants that described purported assets that were to secure the Secured Debentures which were to support the life

- 8 -

USW 805352718.1

insurance investments the victims believed they were investing in when they turned over money to the Receivership Defendants. The Receiver investigated all of the assets that purportedly constituted the collateral for the Secured Debentures and confirmed that none of the assets had been transferred to the Receivership Defendants and that the Receivership Defendants in fact had no assets, other than the small amount of cash the Receiver located at an account at Bank of America at the outset of the case.

The Receiver's asset investigation also located two transfers of funds made in August 2011 after Powell was aware of the SEC's investigation. One transfer was made to an overseas company in Frankfurt, Germany for $166,980 and one was for $100,000 to Globo International Satellite ("Globo"). The Receiver made demand on both companies for return of the funds. Globo asserted the funds were used by that company in accordance with instructions from Powell and asserted it had financial issues and was undergoing a tax audit by the IRS. Given the amounts involved, the practical issues in attempting to recover the funds including the fact that one of the transferees was an overseas company and the limited funds in the estate, the Receiver did not pursue litigation against these entities.

The Receiver also investigated three vehicles Powell stated he purchased and financed in his name but which he acknowledged were acquired for the benefit of Christian Stanley, Inc. The three vehicles, which included a 2002 Ferrari convertible, a 2010 minivan and a 2011 pickup truck, were financed through loans obtained by Powell from Gilmore Bank. The Receiver was initially advised that one of the vehicles had been repossessed by Gilmore Bank at or about the time of the commencement of the receivership and that the truck was in the possession of a former employee who did not immediately respond to the Receiver's requests for information regarding the vehicle.

The Receiver continued to investigate the location and status of the other two vehicles and the liens against the vehicles with assistance from the Receiver's

DENTONS US LLP
300 SOUTH GRAND AVENUE, 14TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3124
(213) 688-1000

USW 805352718.1

counsel.  The Receiver's counsel made demand on Gilmore Bank for evidence regarding its lien and information regarding the vehicles.  The Receiver and Gilmore Bank later entered into stipulation prepared by the Receiver's counsel and filed with the Court on January 31, 2012 (Doc. No. 75).  As reflected in that stipulation, on or about September 1, 2011, Powell transferred physical possession of the three vehicles to Gilmore Bank because of pending defaults by him under the loans secured by them.  The Receiver and counsel investigated the loan and security documents, confirmed the vehicles were subject to valid liens and that the loans were in default, and agreed that Gilmore Bank could liquidate the vehicles. Gilmore Bank provided the Receiver and its counsel with information on offers it had obtained to purchase the vehicles prior to the parties entering into the sale stipulation.

Under the stipulation, Gilmore Bank was required to account to the Receiver for the sale proceeds and turnover any excess proceeds after liquidation. The Court approved the stipulation by order entered on February 2, 2012 (Doc. No. 76).  The vehicles were all sold by Gilmore Bank, the Receiver reviewed the accounting for the sale proceeds, and the estate recovered $10,465.07 in excess proceeds from the sale.  These funds, in addition to the $35,684.05 seized by the Receiver from an account at Bank of America at the outset of the receivership, are the only assets that the Receiver was able to locate company.

The Receiver and counsel also had to address leases for three kiosks at certain shopping centers at the outset of the case.  The Receiver reviewed the status of any personal property located at the kiosks including any property that might contain data or receivership records.  The Receiver concluded that it was in the best interests of the estate to promptly reject the three leases and worked with the landlords to coordinate turnover of the kiosks.

The Receiver addressed other administrative matters during the course of the case.  The Receiver had to address issues regarding the Receivership Defendants'

- 10 -

DENTONS US LLP
300 SOUTH GRAND AVENUE, 14TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3124
(213) 688-1000

USW 805352718.1

web site.  The Receiver responded to inquiries and requests for information by creditors and investors.  The Receiver prepared tax returns, and the Receiver and its counsel monitored the status of this action and the related criminal proceeding.  In 2014, the Receiver's member, Brick Kane, prepared for and testified at Powell's criminal trial.

<u>Fees and Expenses of the Receiver and Counsel</u>

This is the Receiver's first and final fee motion.  In addition to the other relief sought in this case, the Receiver seeks approval and authorization to pay the Receiver's fees and expenses and the Receiver's attorneys' fees and expenses incurred from the inception of the receivership through the closing of the estate ("Final Fee Period").   The Receiver Administration Expenses from Inception (September 1, 2011) to Closing ("Final Report") is attached as Exhibit 1 to the Declaration of Brick Kane in support of this Motion and summarizes the fees and expenses incurred by the Receiver and counsel during the receivership, as well as those that the Receiver anticipates incurring from October 1, 2015 through the closing of the estate.

For the period from the inception of the receivership through September 30, 2015, there are unpaid Receiver's fees of $47,976.90 and expenses of $20,158.16, and unpaid Receiver's attorneys' fees incurred to Dentons US LLP of $9,819.90 and costs of $343.84.  The Receiver estimates closing expenses from October 1, 2015 through closing and the final distribution of assets to be a total of $18,541.23, including $6,866.23 in Receiver's fees, $1,675 in Receiver's costs, and $9,500 in attorneys' fees and $500 in attorney costs.  These estimated closing fees and expenses including the Receiver's and attorneys' fees and expenses for the preparation, filing and service of the final wind up motion, payment of funds, records destruction and other related wind up activities and expenses.

The Receiver's activities are detailed in its Receiver's Report and in the Final Report set forth above.  The Receiver's counsel's activities and services are also

DENTONS US LLP
300 SOUTH GRAND AVENUE, 14TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3124
(213) 688-1000

1    summarized in the Final Report.  Detailed billing records for the Receiver and its

2    counsel are attached to the accompanying Declarations of Brick Kane and Gary

3    Owen Caris.

4          The Receiver's counsel has provided legal assistance to the Receiver in the

5    course of the Receiver's administration of the estate. The Receiver's counsel in the

6    case has been McKenna Long & Aldridge LLP, which changed its name to Dentons

7    US LLP ("Dentons") on July 1, 2015.   The counsel fees incurred over the four-year

8    period in which the case was pending as of September 2015 totaled an average of

9    less than $2,500 per year and reflect higher activity during the outset of the

10   receivership and minimal activity by counsel thereafter.  The Receiver's counsel's

11   activities are described in the Final Report above.  Since September 30, 2015, and

12   based on the lifting of the stay by the Court's June 26, 2015 minute order, the

13   Receiver's counsel has  communicated with the SEC on multiple occasions, has

14   reviewed and signed off on a joint status report filed with the Court on December 4,

15   2015 (Doc. No. 197) and has reviewed a proposed stipulated judgment by the

16   Receivership Defendants which the Receiver executed on their behalf.   These

17   activities are in addition to the preparation of this Motion and the anticipated

18   attendance at the hearing on this Motion.  Counsel has also incurred costs in

19   connection with the Motion for service on those interested parties, including

20   Powell, required to be served by mail.

21         The billing rates charged by the Receiver and by Dentons have remained

22   unchanged from the inception of the receivership over four years ago, though the

23   billing rates of the members of the Receiver and the attorneys from Dentons who

24   have represented the Receiver have increased during those years for non-

25   governmental matters.  The rates reflect a 10% discount off the standard rates in

26   effect for the services of the Receiver's members and Dentons attorneys at the

27   inception of the receivership.

28

DENTONS US LLP
300 SOUTH GRAND AVENUE, 14TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3124
(213) 688-1000

- 12 -

## II.   THE RECEIVER SEEKS APPROVAL AND CONFIRMATION OF ITS ACTIVITIES IN THE CASE, DISCHARGE AND OTHER RELATED RELIEF AND INSTRUCTIONS FOR THE WIND UP OF THE ESTATE

The Receiver is entitled to have the Court review and approve the Receiver's reports of activities and confirm its activities during the course of the receivership. *See* 2 *Clark on Receivers* § 383.1, pp. 643-644 (3rd ed. 1992) ("A receiver's account and report is for the purpose of informing the appointing court and parties interested of the receiver's stewardship.  Since the receiver is the court's officer, the court may at its own instance approve or disapprove the report of the receiver").  The Receiver seeks approval of the Receiver's Final Report provided herein and the accompanying Final Accounting.

Court approval of the Receiver's actions and requests is consistent with federal receivership practice as required by Federal Rule of Civil Procedure, Rule 66.  *See* 2 *Clark on Receivers*, § 383.1 (3d ed. 1992).  The Court has wide latitude in supervising the Receiver and may provide for the administration of the receivership as it deems appropriate.  13 *Moore's Federal Practice*, § 66.06[4][a], p. 66-22 (Matthew Bender 3d ed. Rev. 2015).

The relief sought in this Motion will promote the orderly and prompt wind up of the receivership estate in an expeditious and cost-effective manner.  The relief sought is customary and appropriate in closing a receivership estate, discharging the receiver and exonerating the Receiver's bond.

## III.   THE RECEIVER SEEKS APPROVAL AND PAYMENT OF ALL RECEIVER'S AND COUNSEL'S FEES AND EXPENSES WHICH WERE NECESSARY, REASONABLE AND APPROPRIATE UNDER THE CIRCUMSTANCES OF THIS CASE

The Receiver seeks Court approval of all of the fees and expenses of the Receiver and Receiver's counsel as set forth in the billing records attached to the

- 13 -

DENTONS US LLP
300 SOUTH GRAND AVENUE, 14TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3124
(213) 688-1000

1   declarations filed in support of this Motion and as estimated in the Final

2   Accounting, Exhibit 1 to the Declaration of Brick Kane in support of this Motion,

3   with the understanding that the assets of the estate are insufficient to fully satisfy

4   those fees and expenses and that the Receiver and counsel will share pro rata in the

5   funds available. The Receiver further seeks authority to pay such fees and expenses

6   from receivership assets, to the extent assets are available.

7          The Receiver is an officer of the Court charged with many duties under the

8   Court's receivership orders. The Court has broad discretion in determining the

9   reasonableness of fees to be awarded a receiver. *See In re San Vicente Medical*

10  *Partners Ltd.*, 962 F. 2d 1402, 1409-1410 (9th Cir. 1992). The Court may evaluate

11  the time and effort expended by the Receiver with respect to specific projects and

12  aspects of the administration of the estate, and the Ninth Circuit has looked to both

13  bankruptcy law and the lodestar standards applied in other federal cases to evaluate

14  the award of receiver's fees and costs in a receivership. *In re San Vicente Medical*

15  *Partners Ltd.*, 962 F. 2d at 1409-1410 (in reviewing award of receiver's fees, citing

16  with approval district court's application of factors in *Johnson v. Georgia Highway*

17  *Express, Inc.*, 488 F. 2d 714 (5th Cir. 1974) (civil rights case) and *In re Yermakov*,

18  718 F. 2d 1465 (9th Cir. 1983) (applying *Johnson* factors in a bankruptcy case)).

19  *See also Southwestern Media, Inc. v. Rau*, 708 F. 2d 419 (9th Cir. 1983).

20         With respect to Receiver's fees, because of the nature of the administrative

21  and other services required, the "benefit" a receiver confers on receivership

22  property cannot be determined based on the increase or decrease in the value of

23  property in the receiver's possession. As the Court explained in *Securities and*

24  *Exchange Commission v. Elliott*, 953 F. 2d 1560, 1577 (11th Cir. 1992):

25                 [I]t is sometimes difficult to ascertain what type of

26                 benefits a receiver has bestowed on receivership property.

27                 . . . .

28

DENTONS US LLP
300 SOUTH GRAND AVENUE, 14TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3124
(213) 688-1000

USW 805352718.1

1
2
3
4
5
6

> [A] benefit to a secured party may take more subtle forms
> than a bare increase in monetary value.  Even though a
> receiver may not have increased, or prevented a decrease
> in, the value of the collateral, if a receiver reasonably and
> diligently discharges his duties, he is entitled to
> compensation.  [Citations omitted.]

7   *Securities and Exchange Commission v. Elliott*, 953 F. 2d at 1577.

8   The Receiver reasonably and diligently discharged its duties in this case.
9   The Receiver performed many administrative duties as provided under the
10  receivership orders, including investigating and analyzing the receivership and
11  banking records  pertaining to the Receivership Defendants to unravel the financial
12  effects of the fraudulent investment scheme they perpetrated.  The Receiver's
13  analysis of business and financial records and reconstruction of the financial
14  transactions of the Receivership Defendants provided a basis for the Government to
15  obtain a jury verdict in the criminal case against Powell, though the assets taken in
16  from investors through the fraudulent scheme had largely been dissipated by the
17  time the Receiver was appointed.

18  In consideration of the time expended, the services rendered and the
19  circumstances of the case, the Receiver submits that its fees and costs and those of
20  its counsel are reasonable and should be approved and authorized for payment in
21  full as requested.

22  **IV.   THE RECEIVER SEEKS AN ORDER LIMITING NOTICE OF THE**
23  **HEARING ON THE MOTION UNDER LOCAL RULE 66-7 BASED**
24  **ON THE LIMITED ASSETS OF THE ESTATE**

25  The Receiver requests that this Motion be granted without requiring the
26  Receiver to give written notice to all known creditors pursuant to Local Rule 66-7.
27  Local Rule 66-7 applies to the following:  "(c) reports of the Receiver;
28  (d) applications for instructions concerning administration of the estate;

- 15 -

USW 805352718.1

DENTONS US LLP
300 SOUTH GRAND AVENUE, 14TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3124
(213) 688-1000

(e) applications for discharge of the Receiver; and (f) applications for fees and expenses of the Receiver, the attorney for the Receiver and any other person appointed to aid the Receiver" (collectively referred to as "Rule 66-7 Motions"). Local Rule 66-7(c)-(f).

Local Rule 66-7 requires that all "known" creditors of the Receivership Defendants receive notice by mail of all Rule 66-7 Motions. In this case, there are believed to be at least 150 investors who are potential creditors in this case and there are also approximately eight vendor creditors. Further, the identity and address of each of the investors has not been confirmed by the Receiver. If the Receiver were required to give notice to all these potential creditors, such a requirement would be burdensome, time-consuming and expensive for the receivership estate, including substantial photocopying costs. Moreover, the Receiver would likely be unable to comply with such a requirement as a practical matter given that the identity and address of all of the investor creditors have not been determined.

Based on the foregoing, the Receiver seeks an order providing that the notice requirement for the hearing on this Motion shall be deemed satisfied if (a) copies of this Motion are served on all parties to this action and all parties who request a copy of the Motion in writing directed to: Robb Evans & Associates LLC, Attn: Imelda Perez, 11450 Sheldon Street, Sun Valley, CA 91352-1121; Telephone: (818) 768-8100; Facsimile: (818) 768-8802; (b) the Receiver serves a notice of hearing on the Motion on all known potential non-investor creditors, such as taxing authorities and vendor creditors; and (c) the Receiver posts a copy of this Motion on the Receiver's website for this case at www.robbevans.com, allowing all interested parties an opportunity to review the Motion and to submit a written request for a copy thereof. This procedure for limited notice is reasonable in light of the lack of assets and lack of confirmed information on potential investor creditors, and provides adequate

DENTONS US LLP
300 South Grand Avenue, 14th Floor
Los Angeles, California 90071-3124
(213) 688-1000

- 16 -

1   notice while allowing for efficient, cost-effective administration of the receivership
2   estate.

3         There is ample authority for approval of the scope and method of limited
4   notice as set forth above.  Local Rule 66-7 provides that the provisions of Local
5   Rule 6-1 apply to notice of Rule 66-7 Motions.  Local Rule 6-1 in turn provides for
6   the filing and service of written notices of motion "unless otherwise provided by
7   rule or ordered by the Court."  This Court, as a court of equity supervising the
8   receivership estate, may make appropriate administrative orders governing the
9   receivership, including limitations on and changes in notice and other procedures.
10  *See* F.R. Civ. P. 5(a) and (c) (authorizing the court to modify service procedures
11  when numerous defendants are involved in litigation).  Pursuant to Local Rule 66-8,
12  a receiver is directed to administer receivership estates "as nearly as possible in
13  accordance with the practice in administration of estates in bankruptcy."  Orders
14  limiting notice when the Bankruptcy Code or Rules would otherwise require notice
15  to all creditors are routinely granted in bankruptcy cases to promote the expeditious
16  and economical administration of bankruptcy estates.  *See In re First Alliance*
17  *Mortgage Co.*, 269 B.R. 428, 442 (C.D. Cal. 2001) (referencing in *dicta* in the
18  court's recitation of facts the bankruptcy court's order limiting notice issued in that
19  case); 11 U.S.C. § 102(1)(A) (defining the phrase "after notice and a hearing" to
20  mean "after such notice as is appropriate in the particular circumstances, and such
21  opportunity for hearing as is appropriate in the particular circumstances");
22  11.U.S.C. § 105(a) and (d) (granting broad equitable powers to the court to issue
23  orders "necessary or appropriate to carry out the provisions" of title 11 including
24  "prescribing such limitations and conditions as the court deems appropriate to
25  ensure the case is handled expeditiously and economically"); and F.R. Bankr. P.
26  2002(m) (authorizing the court to enter "orders designating the matters in respect to
27  which, the entity to whom, and the form and manner in which notices shall be sent
28  except as otherwise provided by these rules").

DENTONS US LLP
300 SOUTH GRAND AVENUE, 14TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3124
(213) 688-1000

- 17 -

1    **V.    <u>CONCLUSION</u>**

2        The Receiver respectfully requests that the Court grant the Motion and all

3    relief set forth therein for the reasons set forth in the Motion, this Memorandum and

4    the supporting declarations filed concurrently herewith.

5

6    Dated:  January 19, 2016          DENTONS US LLP
                                       GARY OWEN CARIS
7                                      LESLEY ANNE HAWES

8

9                                      By:  */s/ Gary Owen Caris*
10                                          Gary Owen Caris

11                                         Attorneys for Permanent Receiver
                                           Robb Evans & Associates LLC
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
300 SOUTH GRAND AVENUE, 14TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3124
(213) 688-1000

- 18 -

CERTIFICATE OF SERVICE

I am a citizen of the United States and employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 300 South Grand Avenue, 14th Floor, Los Angeles, CA 90071.

On January 19, 2016  I served the **NOTICE OF MOTION AND MOTION FOR ORDER: (1) APPROVING FINAL REPORT AND ACCOUNTING; (2) APPROVING RECEIVER'S AND COUNSEL'S FEES AND EXPENSES FROM INCEPTION THROUGH CLOSING; (3) DISCHARGING RECEIVER; (4) RELIEVING RECEIVER OF ALL DUTIES AND LIABILITIES; (5) AUTHORIZING ABANDONMENT AND DESTRUCTION OF RECORDS; (6) GRANTING RELIEF FROM NOTICE UNDER LOCAL RULE 66-7; AND (7) FOR RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** upon the parties and/or counsel listed and by the methods indicated on the attached Service List.

I declare upon the penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  Executed on January 19, 2016, at Los Angeles, California.

_____*/s/ Christina O'Meara*_____

DENTONS US LLP
300 SOUTH GRAND AVENUE, 14TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3124
(213) 688-1000

-1-

1

**SERVICE LIST**

2

3      **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically

4      filed the document(s) with the Clerk of the Court by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the

5

CM/ECF system.  Participants in the case who are not registered CM/ECF users

6

will be served by mail or by other means permitted by the court rules.

7

8      • **Spencer E Bendell**
         bendells@sec.gov,LAROFiling@sec.gov,marcelom@sec.gov
9      • **Gary O Caris**
         gary.caris@dentons.com,chris.omeara@dentons.com
10     • **Peter F Del Greco**
         delgrecop@sec.gov,LAROFiling@sec.gov,kassabguir@sec.gov
11     • **Stephen I Goorvitch**
         usacac.criminal@usdoj.gov
12     • **Lesley Anne Fleetwood Hawes**
         lesley.hawes@dentons.com,chris.omeara@dentons.com
13     • **Lucee S Kirka**
         kirkal@sec.gov,chattoop@sec.gov
14     • **David J Van Havermaat**
         vanhavermaatd@sec.gov,LAROFiling@sec.gov,berryj@sec.gov,irwinma@s
15       ec.gov

16     **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package

17     addressed to the persons at the addresses listed in the Service List and placed the

envelope for collection and mailing, following our ordinary business practices.  I

18

am readily familiar with Dentons US LLP's practice for collecting and processing

19

correspondence for mailing.  On the same day that the correspondence is placed for

20

collection and mailing, it is deposited in the ordinary course of business with the

21

United States Postal Service, in a sealed envelope with postage fully prepaid.

22

23     Cedric Carter                         Daniel C S Powell
       8408 Thornbury Drive                  3035 Marmil Avenue
24     Antelope, CA 95843                    San Diego, CA 92139

25     Daniel Christian Powell  #64410-112
       TAFT
26     Correctional Institution
       P.O. Box 7001
27     Taft, CA  93268

28

DENTONS US LLP
300 SOUTH GRAND AVENUE, 14TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3124
(213) 688-1000