1  GARY OWEN CARIS (SBN 88918)
     gcaris@mckennalong.com
2  LESLEY ANNE HAWES (SBN 117101)
     lhawes@mckennalong.com
3  DENTONS US LLP
   300 South Grand Avenue, 14th Floor
4  Los Angeles, CA  90071-3124
   Telephone:  (213) 688-1000
5  Facsimile:  (213) 243-6330

6  Attorneys for Permanent Receiver
   **ROBB EVANS & ASSOCIATES LLC**

7

8

9             **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

12  SECURITIES AND EXCHANGE          CASE NO. CV11-07147 GHK (Ex)
    COMMISSION,
13                                   **DECLARATION OF GARY OWEN**
                    Plaintiff,       **CARIS IN SUPPORT OF MOTION**
14                                   **FOR ORDER: (1) APPROVING**
           v.                        **FINAL REPORT AND**
15                                   **ACCOUNTING; (2)  APPROVING**
    CHRISTIAN STANLEY, INC.; and     **RECEIVER'S AND COUNSEL'S**
16  DANIEL C.S. POWELL,,             **FEES AND EXPENSES FROM**
                                     **INCEPTION THROUGH CLOSING;**
17                  Defendants,      **(3) DISCHARGING RECEIVER; (4)**
                                     **RELIEVING RECEIVER OF ALL**
18  and                              **DUTIES AND LIABILITIES; (5)**
                                     **AUTHORIZING ABANDONMENT**
19  CHRISTIAN STANLEY, LLC; and      **AND DESTRUCTION OF RECORDS;**
    DANIEL CHRISTIAN STANLEY         **(6) GRANTING RELIEF FROM**
20  POWELL REALTY HOLDINGS,          **NOTICE UNDER LOCAL RULE 66-7;**
    INC.,                            **AND (7) FOR RELATED RELIEF**
21
                    Relief Defendants.
22                                   **DATE:**    February 22, 2016
23                                   **TIME:**    9:30 a.m.
                                     **PLACE:**   **Courtroom 650**
24

25

26

27

28

USW 805354347.1

1        I, Gary Owen Caris, declare:

2        1.    I am an attorney at law duly admitted to practice before the courts of

3  the State of California and before the United States District Court for the Central

4  District of California.  I am a member of Dentons US LLP, the attorneys for Robb

5  Evans & Associates LLC ("Receiver") as Receiver of Christian Stanley, Inc.,

6  Christian Stanley, LLC and Daniel Christian Stanley Powell Realty Holdings, Inc.

7  and their subsidiaries and affiliates ("Receivership Defendants") pursuant to the

8  Preliminary Injunction issued September 19, 2011.   The Receiver's counsel in the

9  case has been McKenna Long & Aldridge LLP of which I was a member, and

10  McKenna Long & Aldridge LLP changed its name to Dentons US LLP ("Dentons")

11  on July 1, 2015.  I have personal knowledge of the matters set forth in this

12  declaration, and if I were called upon to testify as to these matters, I could and

13  would competently testify based upon my personal knowledge.

14        2.    I have been the primary attorney from Dentons representing the

15  Receiver since the receivership commenced on September 1, 2011.  This

16  declaration is filed in support of the Receiver's final wind up motion to complete

17  the administration of the receivership estate, including the Receiver's request for

18  approval and payment of fees and expenses of the Receiver and its counsel,

19  Dentons.  Attached hereto as Exhibit 1 are true and correct copies of Dentons'

20  redacted bills for the period from the inception of the receivership through

21  September 30, 2015.   The time records itemize and detail the hours spent and the

22  work performed by those attorneys.  The time records attached hereto as Exhibit 1,

23  as well as the time records for the Receiver, its members and staff, have been

24  redacted by my firm where appropriate to preserve descriptions containing

25  confidential, sensitive, tactical, strategic, attorney-client privileged and/or attorney

26  work-product information.  The billing rates charged in this case by Dentons

27  reflected in the billing records are discounted at 10% from the rates charged by the

28  firm in nongovernmental cases as of the time of the Receiver's appointment.

3.      Dentons reviewed and helped the Receiver file its Receiver's Report on September 14, 2011.  Dentons made written demands on two entities that were transferred funds of the Receivership Defendants in August 2011 after Powell was aware of the SEC's investigation, including an overseas company in Frankfurt, Germany and Globo International Satellite ("Globo").  In response to counsel's demand, Globo asserted the funds were used by that company in accordance with instructions from Powell and asserted it had financial issues and was undergoing a tax audit by the IRS.  The Receiver determined not to pursue litigation against these entities.

4.      Dentons also assisted the Receiver in connection with three vehicles of the receivership estate that were subject to liens in favor of Gilmore Bank.  Dentons made demand on Gilmore Bank for evidence regarding its lien and information regarding the vehicles, and reviewed documents provided.  Dentons prepared a stipulation with Gilmore Bank providing for the liquidation of the vehicles and payment of any net proceeds in excess of the Bank's liens to the Receiver.  Dentons filed the proposed stipulation and a proposed order, which was granted.  In connection with the discussions and negotiations that led to the sale stipulation, Gilmore Bank provided my firm with information on offers it had obtained to purchase the vehicles prior to the parties entering into the sale stipulation.

5.      My firm also assisted the Receiver in addressing leases for three kiosks at certain shopping centers at the outset of the case.  My firm reviewed available information on the leases and the property, if any, at the kiosks in connection with the Receiver's rejection of the leases.

6.      Since September 30, 2015, and based on the lifting of the stay by the Court's June 26, 2015 minute order, my firm has communicated with the SEC on multiple occasions, has reviewed and signed off on a joint status report filed with the Court on December 4, 2015 and has reviewed a proposed stipulated judgment by the Receivership Defendants which the Receiver executed on their behalf.

- 3 -

1    These activities are in addition to the preparation of this Motion and the anticipated

2    attendance at the hearing on this Motion.  Dentons has also incurred costs in

3    connection with the wind up motion for service on those interested parties,

4    including Powell, required to be served by mail.

5          7.     The billing rates charged by Dentons have remained unchanged from

6    the inception of the receivership over four years ago, though the billing rates of the

7    attorneys from Dentons who have represented the Receiver have increased during

8    those years for non-governmental matters.  The rates reflect a 10% discount off the

9    standard rates in effect for the services of the Receiver's members and Dentons

10   attorneys at the inception of the receivership.

11         8.     I am a partner of Dentons and am familiar with the methods and

12   procedures used to create, record and maintain billing records for the firm's clients.

13   The time record summaries attached hereto collectively as Exhibit 1 are

14   computerized time records prepared contemporaneously with the services rendered

15   by each attorney and paralegal billing time to this matter.  These computerized

16   records are prepared in the ordinary course of business by the attorneys and

17   paralegals employed by the firm who have a business duty to accurately record their

18   time spent and services rendered on the matters on which they perform work.  In

19   the normal course of business after the conclusion of the calendar month to which

20   the time records pertain, the time records are transferred into a computerized billing

21   program that generates monthly invoices under the supervision of the firm's

22   accounting department.  Based upon my experience with the firm, I believe that

23   Dentons' methods and procedures for recording and accounting for time and

24   services for its clients are reliable and accurate.

25         9.     I have over 35 years' experience as a business and commercial litigator

26   and also have extensive experience as a bankruptcy attorney representing creditors

27   in Chapter 11 and Chapter 7 bankruptcy cases.  For more than sixteen years I have

28   also specialized in representing receivers in federal equity receiverships.  I believe

USW 805354347.1

1  my firm's rates and the amount incurred by the Receiver for the services rendered

2  are reasonable and appropriate based on the nature of the services rendered, the

3  quality and amount of services provided, and the facts and circumstances of this

4  case.

5        I declare under penalty of perjury that the foregoing is true and correct and

6  that this declaration was executed this 19th day of January 2016 at Los Angeles,

7  California.

8

9

10                                     */s/Gary Owen Caris*

11                                     GARY OWEN CARIS

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -