DAVID J. VAN HAVERMAAT, Cal. Bar No. 175761
Email: vanhavermaatd@sec.gov
SPENCER E. BENDELL, Cal. Bar No. 181220
Email: bendells@sec.gov
LUCEE S. KIRKA, Cal. Bar No. 121685
Email: kirkal@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Regional Trial Counsel
444 S. Flower St., Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

FILED
CLERK, U.S. DISTRICT COURT
FEB 1, 2016
CENTRAL DISTRICT OF CALIFORNIA
BY: BH DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTIAN STANLEY, INC. and DANIEL C.S. POWELL,<br><br>Defendants,<br><br>and<br><br>CHRISTIAN STANLEY, LLC and DANIEL CHRISTIAN STANLEY POWELL REALTY HOLDINGS, INC.,<br><br>Relief Defendants. | Case No. 2:11-cv-07147 GHK (MANx)<br><br>**FINAL JUDGMENT AS TO DEFENDANT CHRISTIAN STANLEY, INC. AND RELIEF DEFENDANTS CHRISTIAN STANLEY, LLC AND DANIEL CHRISTIAN STANLEY POWELL REALTY HOLDINGS, INC.** |

The Securities and Exchange Commission ("SEC" or "Commission") having filed a Complaint and Defendant Christian Stanley, Inc. ("Defendant") and Relief Defendants Christian Stanley, LLC and Daniel Christian Stanley Powell Realty Holdings, Inc. (together, "Relief Defendants") having entered general appearances; consented to the Court's jurisdiction over Defendant and Relief Defendants and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**III.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Christian Stanley, Inc. and Relief Defendants Christian Stanley, LLC and Daniel Christian Stanley Powell Realty Holdings, Inc. to Entry of Final Judgment is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant and Relief Defendants shall comply with all of the undertakings and agreements set forth therein.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the SEC has determined to forgo seeking disgorgement and a civil penalty against Defendant,

and to forgo seeking disgorgement against Relief Defendants, and the claims for disgorgement and a civil penalty against Defendants and for disgorgement against Relief Defendants are hereby DISMISSED.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, except as expressly modified herein, all prior orders of the Court issued in this action, including without limitation the Preliminary Injunction and Orders: (1) Freezing Assets; (2) Prohibiting the Destruction of Documents; (3) Requiring Accountings; and (4) Appointing a Permanent Receiver, and the asset freeze and receivership provisions set forth therein, shall remain in full force and effect.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 1/29/16

_____
HONORABLE GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE