FILED
CLERK, U.S. DISTRICT COURT
FEB 24, 2016
CENTRAL DISTRICT OF CALIFORNIA
BY: BH DEPUTY

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTIAN STANLEY, INC. and DANIEL C.S. POWELL,<br><br>    Defendants,<br><br>and<br><br>CHRISTIAN STANLEY, LLC and DANIEL CHRISTIAN STANLEY POWELL REALTY HOLDINGS, INC.,<br><br>    Relief Defendants. | CASE NO. CV 11-7147-GHK (MANx)<br><br>**ORDER (1) APPROVING FINAL REPORT AND ACCOUNTING; (2) APPROVING RECEIVER'S AND COUNSEL'S FEES AND EXPENSES FROM INCEPTION THROUGH CLOSING; (3) DISCHARGING RECEIVER; (4) RELIEVING RECEIVER OF ALL DUTIES AND LIABILITIES; (5) AUTHORIZING ABANDONMENT AND DESTRUCTION OF RECORDS; (6) GRANTING RELIEF FROM NOTICE UNDER LOCAL RULE 66-7; AND (7) FOR RELATED RELIEF** |

This matter is before us on Receiver Robb Evans & Associates LLC's ("Robb Evans" or "Receiver")[1] Motion for Order: (1) Approving Final Report and Accounting; (2) Approving Receiver's and Counsel's Fees and Expenses from Inception Through Closing; (3) Discharging Receiver; (4) Relieving Receiver of All Duties and Liabilities; (5) Authorizing Abandonment and Destruction of Records; (6) Granting Relief from Notice under Local Rule 66-7; and (7) for Related Relief ("Wind Up Motion"). (Dkt. 204.) Having reviewed and considered the Wind Up Motion and all pleadings and papers submitted in support thereof, and good cause appearing therefor, we hereby ORDER that:

    1. The Wind Up Motion and the relief sought therein is GRANTED in its entirety;

    2. Without limiting the generality of the foregoing:

        A. The Receiver's Final Report and the Receiver's Final Accounting, attached as Exhibit 1 to the Declaration of Brick Kane, are hereby approved[2];

        B. All actions and activities taken by or on behalf of the Receiver and all payments made by the Receiver in connection with the administration of the receivership estate are hereby confirmed and approved;

        C. All receivership administrative expenses incurred in this receivership proceeding are hereby approved, all administrative expenses and Receiver's and counsel's fees and expenses actually incurred during the period from the inception of the receivership through the closing of the receivership estate and the discharge of the

---

[1] On September 19, 2011, we appointed Robb Evans as permanent receiver of Christian Stanley, Inc., Christian Stanley, LLC and Daniel Christian Stanley Powell Realty Holdings, Inc. and their subsidiaries and affiliates ("Receivership Defendants"). (*See* Dkt. 18.)

[2] We note a minor computational error in the Final Accounting: The line entitled "Total Receiver Fees & Costs" reflects the total expenses of both the Receiver and the Receiver's counsel, rather than just the expenses of the Receiver. (*See* Kane Decl., Ex. 1 at 2.) Because this error is not substantive, we nonetheless approve the Final Accounting.

1 Receiver ("Final Expense Period"), described and estimated in the Final Accounting and
2 the Wind Up Motion, are hereby approved and authorized to be paid from assets of the
3 receivership estate, and the Receiver is authorized to distribute all assets of the
4 receivership estate, if any, remaining after payment of all administrative expenses,
5 including all fees and expenses of the Receiver and the Receiver's counsel incurred
6 through the closing of the receivership estate to Plaintiff Securities and Exchange
7 Commission ("SEC").  To the extent assets of the receivership estate are insufficient to
8 pay such fees and expenses, the Receiver shall pay such allowed fees and expenses on a
9 pro rata basis to the Receiver and the Receiver's counsel based on the Receiver's allowed
10 amount of fees and expenses and the Receiver's counsel's allowed amount of fees and
11 expenses;

12        D. The Receiver is authorized to abandon and destroy the records of the
13 receivership defendants and any other corporations or businesses under the control of any
14 of the receivership defendants in the possession, custody or control of the Receiver if,
15 within 30 days after service of written notice to the SEC, the Receiver has not been
16 served with a written request by the SEC for possession of the records or a subpoena by a
17 law enforcement agency for the records.  If during such 30-day period, the Receiver is
18 served with a written request for the records by the SEC or subpoena by a law
19 enforcement agency for the records, the Receiver is authorized to turn over the original
20 records to the SEC or a law enforcement agency in response to the request or subpoena,
21 and any assets not administered by the Receiver as of the closing of the receivership
22 estate are deemed abandoned;

23        E. Neither the Receiver nor any agent, employee, member, officer,
24 independent contractor, attorney or representative of the Receiver shall have any liability
25 to any person or entity for any action taken in good faith in connection with carrying out
26 the Receiver's administration of this receivership estate, and the exercise of any powers,
27 duties and responsibilities in connection therewith;
28

F. Effective upon the completion of the Receiver's wind up of the estate, payment of administrative expenses and final payment of funds as provided herein, the Receiver, its agents, employees, members, officers, independent contractors, attorneys and representatives are: (i) discharged; (ii) released from all claims and liabilities arising out of and/or pertaining to the receivership herein; and (iii) relieved of all duties and responsibilities pertaining to the receivership previously established in this action;

G. This Court shall retain jurisdiction over any and all matters relating to the Receiver, the receivership and the receivership estate, including any matters relating to the distribution of funds received by the Receiver in connection with its obligations as Receiver or otherwise received after the receivership is closed, and to the extent any dispute arises concerning the Receiver's administration of the receivership estate or to the extent any person or entity seeks to pursue or assert any claim or action against the Receiver or any agent, employee, member, officer, independent contractor, attorney or representative of the Receiver, arising out of or related to this receivership, the Court hereby retains jurisdiction to hear and resolve any such dispute or claim;

H. Notice of the hearing on the Wind Up Motion under Local Rule 66-7 is deemed sufficient based on the service of the Wind Up Motion on the parties to the action and the service of a notice of hearing on the Wind Up Motion on any known potential non-investor vendors and other creditors.

**IT IS SO ORDERED**.

DATED: 2/24/16

_____
GEORGE H. KING
Chief United States District Judge